L. M. CRAWFORD, *et al.*, v. L. BLACKMAN, *et al.*

MECHANICS' LIEN; *Building Regarded as Completed.* Where a person has a contract with the owner of a piece of land, erecting an opera house thereon, to do all the stone work and furnish the materials for said work and sublets to another the furnishing of the materials, and neither of said persons has the contract to complete the building, the sub-contractor, for the purpose of filing his lien for the materials furnished by him, and bringing his action to foreclose the lien, may regard the improvement or building as completed when the contractor and such sub-contractor have fulfilled and completed their contracts.

*Error from Shawnee District Court.*

ACTION brought by *Blackman* and another against *Crawford* and others, to recover for stone and sand used in the construction of Crawford's opera house, and to foreclose a mechanics' lien thereon. June 15, 1882, judgment for the plaintiffs for $290.25, and interest, and for the foreclosure of the lien. Defendants *L. M. Crawford* and *Mary E. Crawford* bring this judgment here for review. Other facts appear in the opinion.

*J. G. Waters*, for plaintiffs in error.
*Frank Herald*, for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action brought by Blackman & Johnson against Crawford and others, to recover for stone and sand used in the construction of the Crawford opera house, and also to foreclose a mechanics' lien. One Lagerstrom was the contractor with Crawford the owner, for the stone work of the building. Lagerstrom sub-let to Blackman & Johnson the furnishing of the sand and stone under his contract.

The point presented in the brief of the plaintiffs in error, is that the court erred in instructing the jury —

"That for the purposes of this case, the jury will regard and treat the building as completed at the time when the plaintiffs as sub-contractors, and Lagerstrom as contractor, had complied with and fulfilled their contracts."

It is contended that the jury were not permitted, under the instruction, to consider or weigh the testimony offered as to whether the building was actually completed or not. We think the instruction not erroneous. It was not claimed upon the trial, by either party, that the contractor, or sub-contractors, were to finish or complete the building, or that any of the contractors so agreed. On the other hand, it appears that the work on the building was done under several contracts or

requests. It is the law, that if the materials be furnished under distinct contracts, each must stand upon its own merits. (Civil Code, §§ 630–632; Phillips on Mechanics' Liens, §§ 323, 324; *Livermore v. Wright,* 33 Mo. 31; *Clough v. Mc-Donald,* 18 Kas. 114.)

In the case of *Perry v. Conroy,* 22 Kas. 716, if the wall were treated as an independent improvement, the lien was filed too late; if as a part of the building, the action was prematurely brought, as the building was not completed until after the commencement thereof. That case therefore does not control this. Here the contract for the work in which the stone and sand sued for were used was completed in July, before the filing of the lien, and before the commencement of the action.

The lien was not filed too late; nor the action begun before or after the time authorized by the statute.

The judgment of the district court will be affirmed.

All the Justices concurring.