JOHN SEATON V. S. CHAMBERLAIN AND THE BOARD OF COMMISSIONERS OF HARVEY COUNTY.

MECHANICS' LIEN, *Filed Prematurely.* Where a sub-contractor furnished building material to a contractor, and after the delivery of the material and before the full completion of the building in the construction of which it was used, files his statement for a mechanics' lien, *held,* that such statement was prematurely filed, and created no lien.

*Error from Harvey District Court.*

THE opinion states the nature of the action, and the facts. Trial by the court, at the September Term, 1883. The court made certain findings of fact and conclusions of law, to which plaintiff *Seaton* excepted, and filed his motion for a new trial, which the court overruled. The court rendered judgment for plaintiff against defendant *Chamberlain* for $711.25 and costs, but refused judgment for the foreclosure of the lien claimed. *Seaton* brings the case here.

*J. W. Ady,* for plaintiff in error.

*W. E. Lathy,* for defendants in error.

The opinion of the court was delivered by

HURD, J.: The plaintiff in error commenced his suit in the district court of Harvey county, to recover from defendant Chamberlain the value of material furnished and used in building a county jail for Harvey county, and to have the same adjudged a lien against the jail and land on which it is situate, and to foreclose the lien, and for the sale of the property.

The allegations of the petition in the court below are in substance that on the first of March, 1880, the board of county commissioners of Harvey county entered into a written contract with the defendant Chamberlain for the construction and completion of a county jail on the lands of the county, in Newton, a copy of which is attached to and made a part of the petition; that by the terms of the contract, Chamberlain

was to furnish all material and perform all work and labor necessary to erect and complete the jail, for the sum of $5,975, to be paid in the manner specified in the contract; that about the — day of ——, 1880, Chamberlain began work on the jail building, and completed it according to contract on or about the 20th day of March, 1881; that about March 20, 1880, the plaintiff entered into a verbal contract with Chamberlain, by which he agreed to furnish the iron work necessary to be used in the construction of the building under the contract between Chamberlain and the board of county commissioners, at and for the sum of $620; that he had furnished the iron work as agreed, and that it was used in the construction of the jail and incorporated into and became a part of it, and that the defendant board of county commissioners has refused to pay him therefor, and that he is entitled to recover from Chamberlain $620 and interest from February 2, 1881; that on April 5, 1881, he filed his statement in due form for a lien as sub-contractor, in the office of the clerk of the district court of Harvey county, and thereby claimed a lien for the contract price of the iron work upon the jail building, and the tract of land upon which it is situate; and demands judgment against Chamberlain for $620 and interest, and that it be declared a lien upon the jail so erected and constructed, and the tract of land on which it is situated, and that the lien be foreclosed and the land sold in payment of that sum and interest.     Chamberlain did not appear or answer.

The defendant county board answered, setting up five defenses.

The first admits the corporate existence of Harvey county; that defendant board, on March first, 1880, entered into a contract in writing with Chamberlain for the erection of the county jail on the premises described in the petition, and that the contract set out as the exhibit to the petition is correct as far as it goes, and that the board had refused to pay the plaintiff's demand against Chamberlain, or any part of it, and denies each and every other allegation of the petition.

The second defense states that in addition to the contract,

as set out in the petition and as a part of it, were certain plans and specifications, a copy of which is attached and made a part of this defense, and then states that Chamberlain did not complete the building within the time nor in the manner in the contract specified; and because of his failure to carry out the contract the county was damaged in the sum of $3,000, and claims to deduct that amount from the contract price.

The third defense states that if the plaintiff contributed material to the erection of said jail and it was so used, it was wholly unfit for the purpose, and was not worth more than $100.

The fourth defense states that the building was never completed according to the contract, but that at the time plaintiff says he filed the lien sought to be foreclosed in this suit, work was still going on, and continued to go on during that year until the building was abandoned, on the first day of October, 1881, and possession taken by said defendant board.

Fifth defense: No question is made in this court on this defense, and it is not necessary to give its contents.

The plaintiff demurred to the second, fourth and fifth grounds of defense of the answer of the defendant board, on the ground that neither of such defenses states facts sufficient to constitute a defense to this action. The demurrer was sustained by the court as to the second and fourth defenses, and overruled as to the fifth. The plaintiff filed his reply to the third and fifth defenses, denying every allegation thereof.

At the September term, 1883, of the district court of Harvey county, the cause was tried by the court without a jury, and the court made separate findings of fact and conclusions of law, which are as follows:

"At the request of the parties hereto, the court makes the following findings of fact and conclusions of law in the above-entitled case:

"1st. That Harvey county, Kansas, is the owner of the north half of block No. 22, in the city of Newton, Harvey county, Kansas, and has dedicated the same to the purpose of erecting and maintaining a county jail thereon.

"2d. That on or about the first day of March, 1880, said

16—32 KAS.

Harvey county duly entered into the contract as set forth in plaintiff's petition with S. Chamberlain to erect upon said premises a county jail.

"3d. That afterward, and on or about the 26th day of April, 1880, said S. Chamberlain sub-let to this plaintiff, John Seaton, the contract to furnish all the iron work for said jail, as set forth in plaintiff's petition.

"4th. That in pursuance of his contract with said Chamberlain said Seaton furnished all of said iron work, with the understanding and intention that the same should be used in the construction of said jail, and that the same was so used and was necessary to the completion of said jail in pursuance of the contract of Chamberlain with said county, and was all so furnished and embodied into said jail building prior to the first day of March, 1881.

"5th. That there is due to the plaintiff on account of the materials so furnished and from the said Chamberlain the sum of $711.25.

"6th. That plaintiff filed his mechanics'-lien statement in due form of law, on the 5th day of April, 1881, and served a copy thereof upon the said board of county commissioners in due and proper form as required by law, on the 16th day of April, 1881.

"7th. That the contract price of said building largely exceeds the amount of all claims existing or urged against said premises under the mechanics'-lien laws of the said state of Kansas.

"8th. That said jail building was occupied as a place of safe-keeping for persons in the charge of the sheriff of said county during the March term of court, 1881, and in the month of March of said year.

"9th. That the main structure of said building was completed outside prior to April 5, 1881, except the portico and some final work on the roof, and inside the main building was completed except a portion of the cells, plastering of basement and placing in position of the last iron bars, braces and fulcrum; and in the excepted particulars the work was completed after the 5th day of April, 1881, and a small portion of the roofing as late as July 20th, 1881.

"10th. By arrangement between the sheriff and Chamberlain, two cells were used in March, 1881, for the confinement of prisoners, and this was done with the knowledge of the commissioners.

"11th. That at the time of filing said lien statement, plaintiff believed the same was completed.

"12th. That S. Chamberlain is insolvent.

"13th. That the board of county commissioners, prior to contracting with Chamberlain, required him to give a bond fully indemnifying said county against any loss arising by the default on · his part in erecting said building in pursuance of his contract.

"14th. That this action was commenced within one year after the completion of said building."

CONCLUSIONS OF LAW.

· "1st. That the plaintiff John Seaton is entitled to recover of the defendant S. Chamberlain the sum of $711.25.

"2d. That said plaintiff's statement for a mechanics' lien did not create and is not a valid lien on the premises described in the petition, that is to say, the north one-half of block No. twenty-two, in the city of Newton, Harvey county, state of Kansas."

The plaintiff excepted to the findings of fact and conclusions of law, and filed his motion for a new trial, which the court overruled, and rendered judgment for plaintiff against Chamberlain for $711.25 and costs of suit, and refused judgment for the foreclosure of lien. The plaintiff below excepted, and brings the case to this court.

The evidence is not contained in the record. It is not contended that the findings of fact are not warranted by the evidence produced on the trial. We think the judgment rendered was the only one that could · be legally rendered on the findings. This court has held in *Crawford v. Blackman*, 30 Kas. 527, and *Davis v. Bullard*, just decided, that a statement for a mechanics' lien filed by a sub-contractor before the completion of the contract by the contractor, is prematurely filed, and creates no lien.

By the sixth finding of fact the court below finds that the plaintiff's statement for a lien, as a sub-contractor under Chamberlain, was filed April 5, 1881, and by the ninth finding finds that the building contracted to be erected by Chamberlain had not been completed when the plaintiff filed his statement for a lien. Then his statement for a lien was

prematurely filed, and created no lien upon the real estate sought to be charged with the payment of the moneys due from Chamberlain to the plaintiff.

The demurrer to the second and fourth defenses of the answer was properly sustained. The plaintiff claimed a right given by statute, and it was incumbent on him to show by his pleadings that he had fully complied with all of the material requirements of the statute. The "first" defense of the answer put in issue all the allegations of the petition not admitted by it, and compelled the plaintiff to prove on the trial all such allegations; and the second and fourth defenses, had they remained in the answer, could have done no more.

The plaintiff contends that by sustaining the demurrer to the fourth defense of the answer, the question raised by that defense was *res adjudicata*, and estopped the defendant from showing that the building was not completed when plaintiff filed his statement for a lien. We cannot assent to this view of the matter. The general denial was all the answer needed. It compelled the plaintiff to prove that the building was completed, or be defeated. He failed to prove it, and was defeated. The fourth defense was redundant and irrelevant, and under the code (§ 118) could have been stricken out on motion. (*Gray v. Ulrich*, 8 Kas. 112.) We think that the demurrer in question should be treated as a motion to strike out the defense as redundant and irrelevant, and the order of the court below sustaining the demurrer should be held to be an order striking out that defense.

We find no error in the proceedings in the court below, and the judgment is affirmed.

All the Justices concurring.