PERRY and Others v. BRAINARD and Others.

No. 9724; December 19, 1885.

8 Pac. 882.

**Mechanics' Liens—Time for Filing.**—A mechanics' lien is not acquired upon a building by a subcontractor who has furnished materials to be used thereon, by filing his claim prior to the completion of the building: Code Civ. Proc., sec. 1187.[1]

APPEAL from Superior Court, County of Los Angeles.

Thom & Stephens for appellants; Brunson & Wells and J. Brosseau for respondents.

ROSS, J.—Defendant Brainard contracted to construct a certain dwelling-house for defendant Beaudry for a certain sum of money, and the plaintiffs contracted with Brainard to furnish certain material for the house. The court below found that the lien which was sought to be enforced by the action was filed prior to the completion of the building, and was therefore prematurely filed. The statute reads: "Every original contractor, within sixty days after the completion of his contract, and every person save the original contractor, claiming the benefit of this chapter, must, within thirty days after the completion of any building, improvement, or structure, or after the completion of the alteration or repair thereof, or the performance of any labor in a mining claim, file for record," etc.: Code Civ. Proc., sec. 1187.

---

[1] Cited and followed in Roylance v. San Luis Hotel Co., 74 Cal. 276, 20 Pac. 575, where the complaint itself showed a premature filing of the lien.

Cited and approved in Schwartz v. Knight, 74 Cal. 433, 16 Pac. 235, it being said that the only escape from the principle was there having been originally a purpose to build only in part or that the original purpose to finish had been abandoned.

Cited and approved in Kerckoff-Cuzner M. & L. Co. v. Olmstead, 85 Cal. 83, 24 Pac. 648, where it was held that the cessation of labor on the building for thirty days, made under the law as amended equivalent to a completion for such purposes, did not give a materialman a mere option, but was obligatory upon him.

It will be seen that the time prescribed by the statute for the filing of the plaintiffs' claim was "within thirty days after the completion of the building." Under a similar statute the supreme court of Kansas lately held in two cases (Davis v. Bullard, 32 Kan. 234, 4 Pac. 75, and Seaton v. Chamberlain, 32 Kan. 239, 4 Pac. 89) that a claim so filed was premature, and a lien based thereon could not be enforced. The reasoning of that court commends itself to our judgment, and is much the same as was used here in Dingley v. Greene, 54 Cal. 335. "No privity of contract," said the court in Davis v. Bullard, "exists between the owner of the building and the subcontractor, but the subcontractor's rights are based simply and solely upon his contract made with the contractor. The contractor, and not the owner of the building, is the subcontractor's debtor, and the subcontractor has no right to claim that the building has been completed until the contractor under whom he claims has such right. Under the contract between the owner and the contractor, the owner agrees to pay the contractor a certain sum for constructing the building, and this sum is a fund which may be held under the statutes for the payment, so far as it will go, of all the claims of all the various subcontractors, for work and materials furnished by them to the contractor, who is the principal and head of all; and all the parties entitled to payment or contribution out of this fund should be able to reach the fund and get their proportionate shares thereof at the same time or within the same period of time. Besides, one subcontractor ought not to be able to reach this fund and appropriate it to the extent of his claim before another subcontractor could reach it; for if the fund should not be sufficient to pay the claims of all the subcontractors, then each subcontractor should be paid only a proportionate share thereof. Now, the amount of all the claims of all subcontractors can be ascertained only after all the work and materials have been furnished, and after the building has been completed, so far as the contractor is required to complete the same; for the whole of the work may in fact be done by subcontractors only, or the last item of work performed or materials furnished may be performed or furnished by a subcontractor. The building in such a case would be completed by a subcontractor; and the subcontractor completing the build-

ing, or furnishing the last item of work or material therefor, is entitled to his proportionate share of the general fund equally with the subcontractor who furnished the first item of work or material, or any intermediate portion thereof. Of course, when the contractor has furnished, through himself or his subcontractors, all the work and material which he has agreed to furnish, then the building is completed so far as he is concerned, and is also completed so far as all the subcontractors under him are concerned; and the contractor and each of the subcontractors may then file their respective statements for liens, and each will then become entitled to his proportionate share of the fund.''

Other provisions of our statute go to show that this is the true construction of section 1187. Section 1190 declares that ''no lien provided for in this chapter binds any building, mining claim, improvement, or structure for a longer period than ninety days after the same has been filed, unless proceedings be commenced in a proper court within that time to enforce the same; or, if a credit be given, then ninety days after the expiration of such credit; but no lien continues in force for a longer time than two years from the time the work is completed by any agreement to give credit.''

It is obvious that if a subcontractor may file his claim before the completion of the building at all, it may very well happen that the building may not be completed until more than ninety days after the claim is filed; and since section 1190 of the code provides that no lien shall be binding for a longer period than ninety days after the same has been filed, unless proceedings be commenced in a proper court within that time to enforce the same, it follows that under such a construction of section 1187 a suit might be maintained to enforce the lien of a subcontractor before the completion of the original contract. This would not only be to give one subcontractor a preference over another, not allowed by the statute, but might subject the owner to suit, and possibly his property to sale, although strictly conforming to his contract. In further harmony with the conclusion that section 1187 fixes a common starting point for all subcontractors under the same original contractor is section 1195, which provides that ''any number of persons claiming liens may join in the

same action, and when separate actions are commenced, the court may consolidate them."

The danger suggested by appellant's counsel to subcontractors in thus holding is not perceived; for the owner who pays to the original contractor with notice that the subcontractor has not been paid, will be liable to the lien of the latter, and it is an easy matter for the subcontractor to acquaint the owner with such fact. It becomes unnecessary to consider any other point made for appellants. Judgment and order affirmed.

We concur: Myrick, J.; McKee, J.; Sharpstein, J.; Thornton, J.