CATLIN *v.* DOUGLASS *et al.*

(*Circuit Court, D. Kansas.* November 1887.)

1. MECHANICS' LIEN—ENFORCEMENT—FILING OF LIEN—TIME.
   Under Code Kan. § 632, regulating the time within which a contractor may file his statement for a lien on a building, such statement, if filed before completion of the building, is premature, and constitutes no lien.

2. SAME.
   The abandonment of work upon a building is to be deemed a completion of the building, for the purpose of filing a mechanics' lien.

In Equity. On demurrer.

This was a suit by Levi Catlin against Yates Douglass, the Chicago Lumber Company, and the Merrimac River Savings Bank, to foreclose a mortgage on certain real estate owned by the defendant Douglass. The petition alleged that the Chicago Lumber Company and the Merrimac River Savings Bank had some liens upon, or claims to, the mortgaged property, and required them to set out the same. The bank contested the claim of the lumber company, and the cause was heard upon a demurrer filed by the latter to the matter set up by the bank.

*W. W. Guthrie,* for defendant Chicago Lumber Company.

*Jones & Mason,* for defendant Merrimac River Savings Bank.

FOSTER, J. The Chicago Lumber Company, under an alleged contract with the owners of the property, Douglass and Bixby, furnished them a large amount of lumber and material, to be used in the erection of a flouring-mill and residence on the 40 acres of land set out in its cross-bill. The material was delivered between the seventh day of November, 1882, and the thirteenth day of December, 1883. On January 1, 1884, the Chicago Lumber Company took a note from Douglass, due the first day of July following, for the balance due, to-wit, $1,813.37. The note was not paid, and on or about the first day of July, 1884, the lumber company filed its claim for lien upon the property with the clerk of the district court of Mitchell county. In its statement for a lien it avers that the flouring-mill and dwelling-house were not yet completed, but did not aver that the work had been suspended or abandoned. The Chicago Lumber Company, by its cross-bill in this suit, (filed April 2, 1886,) for the first time took steps to assert its lien. It charges in its bill that the work is not yet completed, and that Douglass and Bixby have abandoned the undertaking, but do not aver when they abandoned the undertaking or stopped the work. The Merrimac River Savings Bank, which has a mortgage lien on the property, contests the claim of the Chicago Lumber Company, and asserts that its claim of a lien for material furnished was prematurely filed, inasmuch as it was filed before, and not after, the completion of the buildings; and further, if it had a lien, it was not asserted by suit within a year, and is barred by the statute. To these two allegations the Chicago Lumber Company presents a demurrer, and its counsel takes the broad ground that under

section 632 of the Code the statement for a lien may be filed at any time after furnishing the material, and the expiration of four months from the completion of the building. In reason and justice, I can see no objection to this construction of that section, were it not for the fact that such a construction would necessarily carry with it an optional right to the claimant to bring suit, under section 633, to assert his lien, at any time after furnishing the material and the expiration of a year from the completion of the building. The object of the law is to permit all parties who furnish material or perform labor under a contract with the owner, and who file their liens within four months after the completion of the building, to stand on an equal footing. Section 637. And hence it would only work confusion, and multiply litigation, without accomplishing any definite result, to hold that a claimant may file a lien, and bring suit to enforce it, before the work is completed, and while it is in progress. If section 632 is to be construed as entitling a claimant to file his statement at any time after the material is furnished, or the labor performed, I see no escape from holding that, under section 633, he may commence his suit any time after filing his statement; for the words of the two sections, as to time, are substantially the same. But this question as to when the statement for a lien may be properly filed has, in the cases of subcontractors, received two or three adjudications by the supreme court of this state. It must be borne in mind that the words of section 631, fixing the time when a subcontractor can file his statement, are identical with those of section 632, fixing the time for the contractor; excepting the one gives 60 days after the completion of the building, and the other four months; and, as the supreme court has in two cases clearly denied the right of a subcontractor to file his statement until *after* the work was completed, I see no way to avoid applying the same meaning to the same words in the following section. *Davis* v. *Bullard*, 32 Kan. 234, 4 Pac. Rep. 75; *Seaton* v. *Chamberlain*, 32 Kan. 239, 4 Pac. Rep. 89; *Crawford* v. *Blackman*, 30 Kan. 527, 1 Pac. Rep. 136.

Perhaps, in the present state of the pleadings, nothing more need be said but to overrule the demurrer; but as a small amendment to the bill or answer may present the question as to the rights of the parties in case of the abandonment of the work, and as that question has been referred to by counsel, it may as well be disposed of now. It seems to me it would be inequitable and unreasonable, and contrary to the spirit of the law, to hold that parties are absolutely barred of all rights to the lien law, where the work is permanently stopped or abandoned without fault of such parties. Such a construction would place material-men and laborers at the mercy of the dishonesty, fickleness, or misfortunes of the owner or contractor. I am of the opinion that, in case of the abandonment of the enterprise, the case would come fairly within the meaning of the term completion, so far as applicable to the rights of the parties not in fault, to file and assert their liens. This seems to have been the view of the court in *Davis* v. *Bullard, supra.* It is apparent that parties intending to assert liens rather than rely upon the personal credit of the debtor, must be vigilant to ascertain when the work is completed

or abandoned, and not to be too early or too late in filing their statements. It is also apparent that there may arise perplexing questions as to when a work is completed, or abandoned, and, in determining such questions, the court should not take a technical and narrow view, but should save to parties entitled to liens any rights they may justly have, under a fair and equitable construction of the facts and the law applicable thereto. The demurrer must be overruled.