[No. 12000.    In Bank. — December 2, 1887.]

JOSEPH ROYLANCE ET AL., APPELLANTS, *v.* SAN LUIS HOTEL COMPANY ET AL., RESPONDENTS.

APPEAL FROM PORTION OF JUDGMENT — NOTICE — SERVICE — FORECLOSURE OF MECHANIC'S LIEN. — The action was brought by material-men to recover a personal judgment against certain contractors to whom they had furnished materials for use in the construction of a building belonging to the defendant, the San Luis Hotel Company, and to foreclose a lien therefor against the building. The court rendered a personal judgment against the contractors, and further adjudged that the plaintiffs take nothing against the hotel company; that the complaint, so far as it sought to foreclose a lien, be dismissed, and that the hotel company have judgment for its costs. The notice of appeal stated that the appeal was taken from the judgment dismissing the action "as to the defendant, San Luis Hotel Company, and for recovery by said last-named defendant from plaintiffs of $20.25 costs of said action. The plaintiffs appeal from the whole of said judgment, and from every part thereof." *Held*, that the appeal was not taken from that portion of the judgment against the contractors, and that the notice of appeal was not required to be served on them.

MECHANIC'S LIEN — MATERIAL-MEN — FILING BEFORE COMPLETION OF BUILDING. — A claim of lien of material-men for materials used in the construction of a building, if filed before the completion of the building, is premature, and cannot be enforced.

LXXIV. CAL.—18

APPEAL from a judgment of the Superior Court of San Luis Obispo County.

The action was brought by the plaintiffs, as partners, against the defendants, the San Luis Hotel Company and Armstrong Brothers, to recover a certain sum of money from the latter for materials furnished them for use, and which were used, in the construction of a hotel belonging to the hotel company, and to have the amount due declared to be a lien on the hotel premises, and to have the same sold to satisfy the lien. In the court below, judgment was rendered as follows: "This cause, coming on regularly to be tried, . . . . the court, having heard and considered the allegations and evidence of the respective parties, did . . . . make and file its findings of fact and conclusions of law herein, and ordered judgment to be entered herein, that the plaintiffs take nothing herein against the defendant San Luis Hotel Company, and that the plaintiffs' complaint, in so far as it seeks to foreclose a lien, be dismissed; and that the said hotel company defendant have judgment against the plaintiffs for costs; and that the plaintiffs do have and recover from John D. Armstrong and William Armstrong, partners as Armstrong Brothers, the sum of," etc. "Wherefore, . . . . it is ordered, adjudged, and decreed that the plaintiffs take nothing against the defendant the San Luis Hotel Company, and that the plaintiffs' complaint herein, in so far as it seeks to foreclose a lien, be, and the same is hereby, dismissed out of this court; and it is further ordered and adjudged that the defendant the San Luis Hotel Company do have and recover of and from the plaintiff its costs and disbursements herein, now taxed at $20.25." Within due time after judgment, the plaintiffs served on the attorneys of the defendant the San Luis Hotel Company and filed the following notice of appeal: "You will please take notice that the plaintiffs, Joseph Roy-

lance, Robert Dalziel, and Frederick Delger, partners under the firm name and style of San Francisco Brass Works, hereby appeal . . . . from the judgment . . . . filed and entered in the said superior court on the twenty-first day of January, 1886, . . . . dismissing said action as to the defendant San Luis Hotel Company, and for recovery by said last-named defendant from the plaintiffs of twenty dollars and twenty-five cents ($20.25) costs of said action. The plaintiffs appeal from the whole of said judgment, and from every part thereof." The notice of appeal was not served on the attorneys of Armstrong Brothers. The further facts are stated in the opinion.

*William R. Davis, William Shipsey,* and *William Lair Hill,* for Appellants.

The claim of lien, although filed before the completion of the building, was not premature. (*Quale v. Moon,* 48 Cal. 478; Const., art. 20, sec. 15; *Bender v. Palmer,* Cal. Sup. Ct., July, 1870; *Harmon v. Ashmead,* 68 Cal. 321.) The appeal is taken only from that portion of the judgment in favor of the hotel company. The other parties defendants were not therefore required to be served with notice of appeal. (*Williams v. Santa Clara W. Co.,* 66 Cal. 193; *Senter v. De Bernal,* 38 Cal. 640; *Nichols v. Dunphy,* 58 Cal. 607; *Randall v. Hunter,* 69 Cal. 80.)

*McD. R. Venable, C. W. Goodchild, Metcalf & Metcalf,* and *F. B. Ogden,* for Respondent.

The notice of appeal not having been served upon Armstrong Brothers, the appeal should be dismissed. (*Williams v. Santa Clara W. Co.,* 66 Cal. 193; Hayne on New Trial, sec. 210; *Jones v. Quantrell,* 9 Pac. Rep. 418; *Dalzell v. Superior Court,* 67 Cal. 453; *Parker v. Denny,* 7 Pac. Rep. 892; *Butte Co. v. Boydstun,* 68 Cal. 189; *Senter v. De Bernal,* 38 Cal. 640.) The claim of lien was prematurely filed. (*Perry v. Brainard,* 8 Pac. Rep. 882.)

FOOTE, C. — As it appears to us, the notice of appeal· in this action was intended to embrace only that part of the judgment of the court below which affected the plaintiffs in adjudging that "they take nothing against the defendant the San Luis Hotel Company, and that their complaint, in so far as it seeks to foreclose a lien, be and the same is hereby dismissed out of this court," and "that the defendant the San Luis Hotel Company do have and recover from the plaintiff its costs and disbursements now taxed at $20.25." It was not intended to include in the notice any appeal from that portion of the judgment where the plaintiff recovered a personal judgment against Armstrong Brothers for a sum of money.

Taking all the terms of the notice of appeal together, it seems to us that the words "said judgment," where they occur in the last clause of the notice, refer, not to the whole judgment as rendered by the court, but to that part of it which is set out in the language of the notice preceding the last clause thereof, which language, fairly interpreted, includes only that part of the judgment which affects the hotel company and the plaintiff, but does not include that portion which affects the rights of Armstrong Brothers.

Therefore the appeal as taken should be entertained, notwithstanding that the counsel for Armstrong Brothers were not served with notice of the appeal.

But the complaint does not show that the plaintiffs are entitled to enforce any mechanic's lien upon the building of the hotel company. For, as alleged in the complaint, the claim of lien was filed on the 13th of October, 1884, and the building was not completed until after that date. Hence, from that pleading itself, it appears that the plaintiffs prematurely filed their claim of lien, and according to their allegations could not enforce it.

In *Perry* v. *Brainard*, 8 Pac. Rep. 430, it was said:

"The court below found that the lien which was sought to be enforced by the action was filed prior to the completion of the building, and was therefore prematurely filed. The statute reads: 'Every original contractor, within sixty days after the completion of his contract, and every person save the original contractor, claiming the benefit of this chapter, must, within thirty days after the completion of any building, improvement, or structure, or after the completion of the alteration or repair thereof, or the performance of any labor in a mining claim, file for record,' etc. (Code Civ. Proc., sec. 1187.) It will be seen that the time prescribed by the statute for the filing of the plaintiff's claim was 'within thirty days after the completion of the building.' Under a similar statute, the supreme court of Kansas lately held in two cases,—*Davis* v. *Bullard*, 32 Kan. 234, and *Seaton* v. *Chamberlain*, 32 Kan. 239,—that a claim so filed was premature, and a lien based thereon could not be enforced. The reasoning of that court commends itself to our judgment, and is much the same as was used here in *Dingley* v. *Greene*, 54 Cal. 335: 'No privity of contract,' said the court, in *Davis* v. *Bullard*, 'exists between the owner of the building and the subcontractor; but the subcontractor's rights are based simply and solely upon his contract made with the contractor. The contractor, and not the owner of the building, is the subcontractor's debtor, and the subcontractor has no right to claim that the building has been completed until the contractor under whom he claims has such right. Under the contract between the owner and the contractor, the owner agrees to pay the contractor a certain sum for constructing the building, and this sum is a fund which may be held under the statutes for the payment, so far as it will go, of all the claims of all the various subcontractors, for work and materials furnished by them to the contractor, who is the principal and head of all; and all the parties entitled to payment or contribution out of this

fund should be able to reach the fund and get their proportionate shares thereof at the same time or within the same period of time. Besides, one subcontractor ought not to be able to reach this fund and appropriate it to the extent of his claim before another subcontractor could reach it; for if the fund should not be sufficient to pay the claims of all the subcontractors, then each subcontractor should be paid only a proportionate share thereof.

" ' Now, the amount of all the claims of all the subcontractors can be ascertained only after all the work and materials have been furnished and after the building has been completed, so far as the contractor is required to complete the same; for the whole of the work may in fact be done by subcontractors only, or the last item of work performed, or materials furnished, may be performed or furnished by a subcontractor. The building in such a case would be completed by a subcontractor; and the subcontractor completing the building, or furnishing the last item of work or material therefor, is entitled to his proportionate share of the general fund equally with the subcontractor who furnished the first item of work or material, or any intermediate portion thereof. Of course, when the contractor has furnished, through himself or his subcontractors, all the work and material which he has agreed to furnish, then the building is completed so far as he is concerned, and is also completed so far as all the subcontractors under him are concerned; and the contractor and each of the subcontractors may then file their respective statements for liens, and each will then become entitled to his proportionate share of the fund.'

" Other provisions of our statute go to show that this is the true construction of section 1187. Section 1190 declares that 'no lien provided for in this chapter binds any building, mining claim, improvement, or structure, for a longer period than ninety days after the same has

been filed, unless proceedings be commenced in a proper court within that time to enforce the same; or, if a credit be given, then ninety days after the expiration of such credit; but no lien continues in force for a longer time than two years from the time the work is completed, by any agreement to give credit.'

"It is obvious that if a subcontractor may file his claim before the completion of the building at all, it may very well happen that the building may not be completed until more than ninety days after the claim is filed, and since section 1190 of the code provides that no lien shall be binding for a longer period than ninety days after the same has been filed, unless proceedings be commenced in a proper court within that time to enforce the same, it follows that under such a construction of section 1187 a suit might be maintained to enforce the lien of a subcontractor before the completion of the original contract. This would not only be to give one subcontractor a preference over another not allowed by the statute, but might subject the owner to suit, and possibly his property to sale, although strictly conforming to his contract. In further harmony with the conclusion that section 1187 fixes a common starting-point for all subcontractors under the same original contractor, is section 1195, which provides that ' any number of persons claiming liens may join in the same action, and when separate actions are commenced the court may consolidate them.'

"The danger suggested by appellants' counsel to subcontractors in thus holding is not perceived, for the owner who pays to the original contractor with notice that the subcontractor has not been paid will be liable to the lien of the latter, and it is an easy matter for the subcontractor to acquaint the owner with such fact."

Although the views there enunciated are not binding as authority on the point, because of the fact that a rehearing was granted by the court in bank, and the cause

was compromised and the appeal dismissed before it was finally determined, yet the reasoning is sound and the authorities quoted in point, and as we think, conclusive. Wherefore the judgment appealed from should be affirmed.

BELCHER, C. C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is affirmed.