# SCHALLERT-GANAHL LUMBER CO. v. SHELDON et al.

## No. 19,044; February 9, 1893.

### 32 Pac. 235.

Mechanic's Lien—Filing—Completion of Work.—Under Code of Civil Procedure, section 1187, as amended by Stats. and Amend. 1887, page 154, providing that every person, save the original contractor, claiming a lien, must, within thirty days after the "completion" of the building, file his lien, but that any "trivial imperfection" in the construction shall not be deemed such a lack of completion as to prevent the filing of the lien, a lien filed before the doors of a house were hung, the plumbing finished, the closets and bathroom completed, ventilators placed, and moldings put in, is premature, and cannot be enforced, as such things are not "trivial imperfections," but are necessary to be done to effect a "completion" of the building.

APPEAL from Superior Court, Los Angeles County; William P. Wade, Judge.

Action by the Schallert-Ganahl Lumber Company against H. A. Sheldon and others to foreclose a materialman's lien. From a judgment for defendants, and from an order denying its motion for a new trial, plaintiff appeals. Affirmed.

H. A. Barclay for appellant; W. P. Gardiner for respondents.

HAYNES, C.—Action to foreclose a materialman's lien. Appellant is a corporation engaged in the lumber business. Sheldon & Son are copartners, and contracted in writing with the defendant Annie C. Severance to furnish the material and erect upon her separate property a dwelling-house. Appellant furnished lumber to Sheldon & Son for the building, and a notice of lien therefor was filed. Both parties to this appeal concede that the contract was void. Sheldon & Son abandoned the work early in January, 1889, before completion, and Mrs. Severance employed mechanics, and proceeded with the work. In May, 1889, she, with husband and servants, moved into and occupied the rear

portion of the house, and continued such occupation while work proceeded upon the remainder of the building; and upon August 22, 1889, appellant filed its notice of lien. Sheldon & Son made no defense, and judgment passed against them. Mr. and Mrs. Severance answered, and upon the trial rested upon plaintiff's evidence, and had judgment. This appeal is from the judgment and order denying plaintiff's motion for a new trial.

The court found that the building was not completed at the time the notice of lien was filed; and, if that finding is justified by the evidence, it will not be necessary to consider any other specification of error. The occupancy of the rear portion of the house was known to appellant on June 25th, but appellant makes no point upon such occupancy. The complaint alleges completion "on or about August 22d," and whether the building was then completed was a question of fact to be determined by the court: Willamette Steam Mills Lumbering etc. Co. v. Los Angeles College Co., 94 Cal. 237, 238, 29 Pac. 629. The only witness who testified upon the subject of the completion of the building was Mr. Driscoll, the secretary of the plaintiff corporation. He testified in substance that he visited the building on August 21st; that workmen were there on that day, doing some little things; that there might be one or two men there for several months doing little things, waiting the arrival of material from the east; that Mr. Cranton was working in the house; that Cranton said there were twenty-four doors to hang, ventilators to make, water-closet traps, bathroom not completed, wardrobe not completed, a painter working on the house; that the doors were made, and only had to be hung; that the oxidized hardware, door knobs and locks were not on; that it was stated the locks cost $35 each—a couple of thousand dollars on the whole house, he heard; that he did not know whether the tiling was in the bathroom, nor whether the picture moldings were up in the second story, nor whether the front chamber was completed, nor whether the closets were finished, or the plumbing finished, but thought the house was substantially completed; and, further, that the oxidized hardware and the tiling he thought were not in the contract. Such was the condition of the building on August 21st, the day before the lien was filed,

and that was the last time the witness visited the house. Upon this evidence we think the court correctly found that the notice of lien was prematurely filed; that the building was not substantially completed, and that what remained to be done constituted something more than "trivial imperfections." The burden of proof was on the plaintiff to show completion of the building within thirty days prior to the filing of the lien. Mr. Driscoll testified that he "thought the house was substantially completed," but admitted that certain things, which it is apparent are necessary to completion, had not been done, while his testimony that he did not know whether certain other things had been completed, and which he could have ascertained by inspection, destroys any weight which his statement that he "thought the house was substantially completed" might otherwise have had. It is immaterial whether the oxidized hardware and tiling were in the written contract attempted to be made with Sheldon & Son, or whether they were to be furnished by the owner or the contractor. If the use of these materials was necessary to the completion of the building, the purchase of them by the one party or the other could not affect the question whether the building was completed. As was said in a recent case: "In the absence of any statutory qualification or definition of the term 'completion,' there would be no room for its construction by the court, but it would be construed to mean 'completion,' and would be a question of fact in each case": Willamette Steam Mills Lumbering etc. Co. v. Los Angeles College Co., 94 Cal. 237, 29 Pac. 629. For a statement of these qualifications and definitions, and their application, see Id. It may be quite true that it would not take long to do what remained to be done, and that what remained to be done was trifling, compared with the whole work of building an elegant residence; but it must be obvious that if the erection and completion of the house had been provided for in a valid contract, the contractor could not have successfully insisted on the day the lien was filed that he had complied with his contract within the meaning of any of the qualifications or exceptions contained in the statute. That the filing of a lien before the completion of the building is premature and confers no right, see Roylance v. San Luis Hotel Co., 74 Cal. 273, 20 Pac. 573, and Willamette Steam Mills Lumbering etc. Co. v. Los An-

geles College Co., supra. The judgment and order appealed from should be affirmed.

We concur: Temple, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are affirmed.