WM. MCNEILL CLOUGH, *et. al.*, v. PATRICK J. MCDONALD.

1. SUMMONS; *Return-Day, and Service.* Where a summons (issued to the sheriff of the county in which the action was brought) is made returnable in less than ten days, and the same is duly served one day before the return-day thereof, *held*, that neither the summons nor the service is either void, or voidable.

2. MECHANIC'S-LIEN LAW OF 1872; *Sub-Contractor.* A sub-contractor who furnishes labor and material for the erection of a building has, under the mechanic's-lien law of 1872, sixty days from and after the completion of such building within which to file a mechanic's lien to secure his pay; and he is not bound to file his lien in such a case within sixty days from and after the time when he furnished such labor and material.

3. ——— A sub-contractor who furnishes labor and material for the erection of a building, and who afterward files a mechanic's lien thereon to secure his pay, is not bound, under said law of 1872, by any of the terms and conditions relating to the payment of money, contained in the original contract made between the owner and contractor, except by such of said terms and conditions only as prescribe the *amount* that is to be paid.

4. ——— *Contract-Price; Fund for Sub-Contractors.* Where a contract is made for the erection of a building, the contract-price for the erection thereof constitutes a fund from which the sub-contractors are to be paid for their labor and materials furnished. And if such fund is not sufficient to pay the whole amount of all the claims of the sub-contractors who are entitled to liens under said law of 1872, then such claims must be paid from such fund *pro rata.*

*Error from Leavenworth District Court.*

ACTION by *McDonald*, a sub-contractor, against Samuel McFarland, as contractor, and *W. McN. Clough* as owner, to recover the amount due him for work and labor on a house built for *Clough* by McFarland, and to enforce a mechanic's lien for such amount. *Mary*, the wife of said *Clough*, was joined as a co-defendant. The facts, and proceedings, and alleged error, are sufficiently set forth in the opinion, *infra*. The district court gave judgment in favor of *McDonald*, at the May Term 1875, and *Clough* and wife bring the case here on error.

*Clough & Wheat*, for plaintiffs in error.
*Lucien Baker*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: The first question presented in this case is, whether the summons as served on Mary A. Clough is void, or voidable. The only ground upon which it is claimed that it is void, is, that the summons was made returnable in less than ten days after its date. And the only statutes upon which this claim is based, are the following: Section 61 of the civil code provides, that "the summons shall be served and returned by the officer to whom it is delivered * * * within ten days from its date." (Gen. Stat. 641.) And section 105 of the code provides, that "the answer or demurrer, by the defendant, shall be filed within twenty days after the day on which the summons is returnable." (Gen. Stat. 650.) In the present case, the summons was made returnable in six days after its date, and was served by the officer on the day before the return-day thereof. Now a summons of this kind we think is never void. It might be voidable however, if the officer should take the whole time (ten days) given him by law within which to serve it upon the defendant, for in that case the time given to the defendant within which to answer or demur would be short-

*1. Summons; return-day and service.*

ened.   But where the officer serves the summons before the return-day thereof, as in this case, we do not think that either the summons or the service is either void, or voidable.   In such a case the defendant has lost nothing.   He has his full twenty days after the return-day of the summons within which to answer or demur, and that is all that the law gives him in any case.   It is the time of the officer, and not that of the defendant, that is shortened, by making the return of the summons less than ten days from its date.

The next question is, whether under the mechanic's-lien law of 1872 a sub-contractor who furnishes labor and material for the erection of a building has sixty days from and after the completion of such building within which to file a mechanic's lien thereon to secure his pay, or has only sixty days from and after the time when he furnished such labor and material within which to file such lien.   We think he has sixty days from and after the completion of the building within which to file his lien. (*Delahay v. Goldie*, 17 Kas. 263, 265, and cases there cited.)   The statute evidently intends, in all cases, that the sub-contractor shall have sixty days within which to file his lien from and after the completion of the whole of the work on any particular thing for the doing of which the original contract was made.   Therefore, where the sub-contractor finishes his part of the work before the whole of such work is completed, he has more than sixty days from the completion of his part of the work, and exactly sixty days from the completion of the whole of the work, within which to file his lien.

2. Mechanic's liens; when sub-contractor to file lien.

The next question is, whether a sub-contractor is bound in all respects by all the terms and conditions of the original contract made between the contractor and the owner of the property.   The plaintiffs in error claim that he is, but we have already decided that he is not, and we think rightly. (*Shellabarger v. Thayer*, 15 Kas. 619; *Delahay v. Goldie*, 17 Kas. 263.)   In these cases it was held that "the lien of the sub-contractor is limited only by the amount contracted to be paid to the contractor."

3. Contract-price; fund for sub-con-tractor.

In the first case, by the terms of the original contract $800 of the contract-price was to be paid down, leaving only $500 of the original contract-price to be paid afterward, and said $800 was actually paid long before the sub-contractor did anything to or for the building, or contracted to do anything to or for the same; and yet this court held that the sub-contractor, who afterward furnished material for said building, was not bound to know or take any notice of those terms of the original contract which authorized the immediate payment of said $800, or of the payment itself, or that only $500 remained to be paid on the original contract-price; but it was held that the sub-contractor could nevertheless take a valid lien on the building for the whole amount of his claim, which was $900. For the purposes of this case we shall assume (but without deciding the question) that the sub-contractor is bound by all the terms and conditions of the original contract except those relating to the payment in money for the work to be done, and that he is even bound by those relating to payment so far as the amount agreed to be paid is concerned. But this is as far as we think the sub-contractor is bound. He should not under the statutes of 1872 be bound to know the terms of payment further than as to the amount of such payment. The contract is not required to be in writing; nor is it required to be filed in any place, public or private; and a contract that would require the sub-contractor to be bound by the terms of the contract relating to payment, further than as to the amount to be paid, would be in derogation of the statutes themselves. The cases cited by counsel from New York and California are not applicable to cases like this, under our statutes. Indeed, we know of no statute in any state similar in this respect to ours.

That portion of the original contract which the plaintiffs in error claim that the sub-contractor should take notice of and by which the plaintiffs in error claim that the sub-contractor should be bound, reads as follows: "The said McFarland is to contract with such parties as he pleases for materials, as required by the plans and specifications for said building,

*but the said Clough is to have the right and privilege of pay-
ing for the same, and the amounts so paid shall be a payment
of like amount upon the contract-price of said house."* Clough
was the owner; McFarland was the contractor; and McDon-
ald was the sub-contractor. The contract-price for the house
was $1,900, of which $1,800 was to be paid in cash and the
balance, $100, was to be paid in rent. Clough paid said
$100 in rent, and paid to various sub-contractors and mate-
rial-men $1,800 in money. After Clough paid all this, there
still remained the sum of $157.78 due to the sub-contractor
McDonald, and there were perhaps some other small amounts
due to other sub-contractors. Clough claims that because
of the foregoing stipulation in the original contract, and be-
cause of the said payments made by Clough to various sub-
contractors, the sub-contractor McDonald is not entitled to
any mechanic's lien whatever. The court below however
held otherwise. The court below held that McDonald was
entitled to a mechanic's lien for a portion of the said amount
of $157.78 due him, to be determined in accordance with
certain instructions to the jury. The court instructed the
jury in substance, that said $1,800 constituted a fund from
which the sub-contractors were to be paid for their labor and
materials; that if the same was not sufficient to pay the
whole amount of all the claims of the sub-contractors who
were entitled to liens, (which in fact it was not,) then that
such claims should be paid therefrom *pro rata*. This we
think was right. As we have before said, every sub-contractor
is, under the law, entitled to sixty days, after the completion
of the building, within which to file his lien; and he must
file it within that time, or lose it. And the owner of the
building cannot be compelled to pay anything to any person
prior to that time. (Laws of 1872, page 296, § 2.) Hence,
at the end of the said sixty days, and before the owner can
be compelled to pay anything to any person, he may know
precisely to whom he is liable, and the amount due to each.
If the contract-price will pay all the claims, he should pay
all. But if it will not pay all, as in this case, then he must

pay the various claimants in proportion to the amount due to each respectively. (Laws of 1871, p. 255, § 8.) Whether the law is a good one or not, is a question solely for the legislature to determine, and not for the courts. The jury under said instructions of the court and other proper instructions, found that there was due to McDonald the sum of $157.78, and that he was entitled to a mechanic's lien on the defendand Clough's property for $138.35 of that amount. The court thereupon rendered a judgment in favor of the plaintiff McDonald and against the defendant McFarland for said sum of $157.78, and ordered that the said property of the said defendant Clough be sold to satisfy $138.35 of said judgment. This we think was right.

But suppose that the said stipulation in said original contract should be held to be strictly binding upon the sub-contractor McDonald: then would it have the effect to entirely deprive McDonald of his mechanic's lien? Not entirely so, we should think, and perhaps not at all. That stipulation provided only that Clough should have the privilege of paying for materials furnished, and not for labor; while much that he did pay was for labor, and a large portion of McDonald's claim is for labor. We however do not think that said stipulation is binding in any respect upon McDonald.

The judgment of the court below will be affirmed.

BREWER, J., concurring.

HORTON, C. J., not sitting in the case.