HENRY C. CUNNINGHAM *et al.* v. BENJAMIN H. BARR *et al.*

1. MECHANICS' LIEN — *Statement, Filed in Time.* Where, under the mechanics' lien law of 1872, a statement for a sub-contractor's lien for materials furnished was filed with the clerk of the district court within sixty days after the contractor had completed the building, but not within sixty days after the sub-contractor had fulfilled his contract with the contractor, *held,* that the statement was filed in time.

2. ———— *Statement, Properly Verified.* Where it appears from the statement for a sub-contractor's lien that the sub-contractor, or one of a firm of sub-contractors, had appeared before the clerk of the district court, and subscribed and swore to the statement, *held,* that the statement was properly verified.

3. ———— *Statement, Not Necessarily Invalid.* Where it is shown from the statement for a sub-contractor's lien and otherwise that the contractor purchased of the sub-contractor materials to be put into the house of the owner of the land, and that such materials were actually put into such house, *held,* that such statement is not necessarily invalid although it may also be shown from such statement that the credit was originally given to the owner of the property.

*Error from Finney District Court.*

ACTION to recover money and to foreclose a sub-contractor's lien. Judgment for defendant *Barr,* at the May term, 1888. The plaintiffs, *Cunningham* and others, bring the case to this court.

*H. R. Boyd,* for plaintiffs in error.

*Hopkins & Hoskinson,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district court of Finney county, by Henry C. Cunningham, Isaac N. McBeth and Edward H. McBeth, partners as The Western Lumber Company, against George W. Keeler and E. L. Hudson, partners as Keeler & Hudson, and Benjamin H. Barr, to obtain a personal judgment against Keeler & Hudson, for the sum of $412.91 and interest, and to foreclose a sub-

contractor's lien as against the defendant Barr. The defendant Barr demurred to the plaintiffs' petition upon the ground that it did not state facts sufficient to constitute a cause of action, and the court sustained the demurrer; and the plaintiffs, as plaintiffs in error, bring the case to this court for review.

It appears that the defendant Barr owned certain town lots in Stevens' second addition to the city of Garden City, and desiring to build a house thereon, contracted with Keeler & Hudson to build the same, and they purchased the lumber and materials therefor from the plaintiffs, and failing to pay a portion of the purchase-price therefor, the plaintiffs filed a statement in the office of the clerk of the district court to obtain a sub-contractor's lien upon the aforesaid property of the defendant Barr; and the only question now involved in the case is, whether such statement is valid or not. If such statement is valid, then the plaintiffs' petition stated a good cause of action; but if such statement is not valid, then the petition did not state any cause of action as against Barr. The grounds upon which it is claimed by Barr that the statement is invalid are as follows: First, It is claimed that it was not filed in time. Second, It is claimed that it was not properly verified. Third, It is claimed that the facts stated therein are not sufficient to authorize a sub-contractor's lien. We shall consider these objections to the statement in their order.

I. Was the statement filed in time? It shows upon its face and it is so alleged in the petition that the contract between the plaintiffs and Keeler & Hudson for the materials furnished by them was made prior to July 13, 1887; and that the contract was completed and the last portion of the materials was furnished on that day; and the petition alleges and shows that the house was completed on August 25, 1887, and the statement for the lien was filed on September 12, 1887. Under the statutes as they existed at the time these materials were furnished and at the time when the statement for the lien was filed, the statement for the lien should have

been filed within sixty days after the completion of the building. The words of the statute are as follows:

" Within sixty days after the completion of the building, improvements or repairs, or the furnishing or putting-up of fixtures or machinery, or the performing of such labor." (Laws of 1872, ch. 141, § 2; Comp. Laws of 1885, ¶ 4448.)

Now the statement in the present case was certainly filed within sixty days after the completion of the building, and this we think was sufficient. (*Clough v. McDonald*, 18 Kas. 114; *Davis v. Bullard*, 32 id. 234; *Seaton v. Chamberlain*, 32 id. 239; *Seaton v. Hixon*, 35 id. 663, 665; *Shellabarger v. Thayer*, 15 id. 619; *Crawford v. Blackman*, 30 id. 527.)

II. Was the statement for the lien properly verified. The statement for the lien, with the verification, reads as follows:

"STATE OF KANSAS, FINNEY COUNTY, ss. In the Finney County District Court.— On the 12th day of September, 1887, before me, the undersigned clerk of the district court in and for Finney county, state of Kansas, personally appeared Isaac N. McBeth, a member of the firm of Western Lumber Co., composed of Henry C. Cunningham, Isaac N. McBeth and Edward H. McBeth, which said firm has been for more than one whole year last past, and is now, engaged in the lumber business at the city of Garden City, Kansas, and that Benjamin H. Barr then was and now is the owner of lots 23 and 24, in block 38, in Stevens' second addition to Garden City, Kansas; that on, to wit, 1st day of May, 1887, Keeler & Hudson, contractors and builders, contracted with the said Benjamin H. Barr to furnish all labor and material and build a house for said Benjamin H. Barr on said lots 23 and 24, block 38, in Stevens' second addition to Garden City, Kansas; that in compliance with said contract the said Keeler & Hudson contracted with the Western Lumber Company to furnish a bill of lumber to the amount of $654.80; that said Western Lumber Company did, between the 20th day of May, 1887, and the 13th day of June, 1887, both days included, furnish a bill of lumber, an itemized bill of which is hereto attached and made a part hereof, which said lumber actually went into the building erected by said contractors on said lots 23 and 24, block 38, Stevens' second addition to Garden City, Kansas, aforesaid. It was then agreed that said Western Lumber Company should receive for said bill of lumber the

sum of $654.80; that there has been paid on said bill of lumber the sum of $241.89; that there is now due the Western Lumber Company the sum of $412.91; that said contract was duly completed on the 13th day of July, 1887; that said Benjamin H. Barr is justly indebted to the Western Lumber Company on said bill of lumber, in the sum of $412.91, with interest at 7 per cent. from July 13, 1887.

(Signed) I. N. McBeth."

"Subscribed and sworn to before me, this September 12, 1887. (Signed) O. A. Harding,
[Seal.] *Clerk District Court."*

(Indorsed:) "Mechanic's lien.—Owner, Benjamin H. Barr. Contractors, Keeler & Hudson. Sub-contractors, Western Lumber Company. Amount due, $412.91. Filed Sept. 12, 1887. O. A. Harding, *Clerk District Court."*

Here follows, as a part of the statement, a long itemized bill of materials furnished. We think the statement was properly verified.

III. Are the facts stated in the statement for the lien sufficient to authorize a valid lien? We think they are when taken in connection with the other facts stated in the petition. The only objection to the statement in this regard seems to be that it shows that the credit was originally given to the defendant Barr, but the petition and the statement, and the original itemized bill filed with the statement and made a part thereof, all show that the lumber was purchased by Keeler & Hudson of the plaintiffs for Barr and for his house; and the petition shows that it was actually used in the house; and therefore we certainly think that the statement is sufficient in this particular.

The order and judgment of the court below will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.

11.—45 KAS.