THE CHICAGO LUMBER COMPANY v. E. G. ALLEN *et al.*

1. MECHANIC'S LIEN—*Pro Rata Share of Contract Price.* Under the mechanics'-lien law as it existed in 1888, if the consideration agreed to be paid by the owner of land to a contractor for the construction of a building on such land is insufficient to pay for all the labor and material expended thereon, any subcontractor who has obtained a legal lien against the property is entitled to a *pro rata* share of the contract price, which lien may be enforced against the owner's property, although the owner may have paid the full amount of the contract price to the contractor or to a part of the subcontractors.

2. INCONSISTENT FINDINGS—*New Trial.* Where some of the material findings of the court are inconsistent with each other, and not in harmony with the testimony, and it is manifest that the case was tried upon an incorrect theory, the findings and judgment will be set aside and a new trial granted.

*Error from Norton District Court.*

ACTION by the *Chicago Lumber Company* against *Allen* and others for the price of goods sold and to enforce a mechanic's lien. Judgment for defendants February 22, 1890. The plaintiff brings the case here. The facts are stated in the opinion.

*W. W. & W. F. Guthrie,* for plaintiff in error.

*L. H. Wilder,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action by the Chicago Lumber Company to recover $254 for building material furnished to L. C. Faulkner, a contractor, with which to build a house on the premises of Mrs. E. G. Allen, under a contract made with her husband, and to declare the amount of recovery a lien on the premises whereon the house was built. Faulkner entered into a contract with the Allens to build a house in the spring of 1888; and, under the first arrangement, he was to receive as consideration the sum of $225 in money, and an interest in 80 acres of land, of the estimated value of $250. It was claimed, and testimony was offered to show, that subsequently the contract was changed, by which the whole amount was to be paid in cash; but E. G. Allen denied that such a change was made. Faulkner entered upon the work of building the house, and carried it on almost to completion, when it is claimed that Allen, on account of sickness in his family, would not permit him to complete the work. Faulkner had purchased considerable material for the building, and employed laborers to assist him in its erection. Allen paid the contractor and the laborers who assisted him, and also for some material, the total sum of $250, but no part of the lumber bill of the plaintiff was paid. There was no conveyance of the land to Faulkner, nor any transfer of the interest in the same, which was said to have formed a part of the consideration of the contract, nor was any further payment

made by Allen. The cost of fully completing the building was estimated at $20.

After the abandonment of the work under the contract, and within the statutory time, the plaintiff filed its claim for a lien. There was some controversy at the trial as to the alteration of the contract with Faulkner, and as to the cause of delay in completing the building, but there was no dispute as to the amount of the plaintiff's bill, nor that the material sold was purchased for use in the construction of the building. If there was an abandonment of the work, as the preponderance of the testimony seems to show, plaintiff had a right to treat the building as completed; in which event its claim of lien was filed in time and should be upheld. (*Shaw v. Stewart*, 43 Kas. 572; *Springs Co. v. Lumber Co.*, 47 id. 672.) While the lien of any subcontractor is in subordination to the contract between the contractor and the owner, each of the subcontractors is entitled to be subrogated *pro tanto* to the rights of the contractor under that contract. If the agreed consideration for the construction of the building is insufficient in amount to pay all the labor and material expended thereon, then those who obtained legal liens for such labor and material are entitled to be paid *pro rata* from the common fund. Under the law in existence at the time the contract was made, the owner could not be compelled to pay anything to any person until the end of the time within which liens might be filed, when he could know precisely to whom he was liable and the amount due each claimant.

" If the contract price will pay all the claims, he should pay all. But if it will not pay all, as in this case, then he must pay the various claimants in proportion to the amount due to each respectively." (*Clough v. McDonald*, 18 Kas. 114.)

It appears that the owner paid some of the lien holders their claims in full, and also paid a portion of the fund to the contractor. These payments were made at his peril, and will not release the owner from a *pro rata* distribution of the fund among all legal claimants. If the contract price was to be paid in cash, no difficulty will arise in the distribution; and,

on the other hand, if it consists in part of an interest in real estate, it will be necessary to provide for a sale of the same and to convert it into money before it can be determined what is the amount of the fund and the share of the same to which each is entitled. In the case at bar, the court reached the singular conclusion that the plaintiff was entitled to recover a personal judgment against the owner and her husband in the sum of $35, but that it was not entitled to a lien against their property. In no event was the plaintiff entitled to recover a personal judgment against the Allens. It was entitled to a personal judgment against the contractor for the amount of the material furnished to him; but if it was entitled to any relief againt the Allens, it was entitled to a lien against their property for the material sold for the purpose of improving the same. It is difficult to determine what view the court took of the case, but the findings are clearly inconsistent with each other and not in harmony with the testimony found in the record. It is manifest that it was tried upon an incorrect theory, and in view of this fact and the inconsistency of the findings, the ruling of the court cannot be sustained.

The judgment will be reversed, and the cause remanded for another trial.

All the Justices concurring.