H. J. Vandenberg v. P. T. Walton Lumber Company *et al.*

(Filed September 5, 1907.)

(92 Pac. 149.)

1. ERROR, WRIT OF—Review—Questions of Fact—Sufficiency of Evidence. A case will not be reversed for insufficiency of evidence where the evidence is such as to reasonably support the judgment.

2. MECHANICS' LIENS—Right to Lien—Subcontractor of a Subcontractor Not Entitled to. A subcontractor of a subcontractor is not entitled to a lien on a building under the provisions of the statutes of Oklahoma of 1893 regarding "liens of mechanics and others." The right to a lien under such statutes is confined to artisans, laborers, contractors and subcontractors.

3. SAME—Claims Against Subcontractor—Rights and Duties. When a contractor for the erection of a building lets a subcontract to a portion thereof, and the subcontractor permits liens to be filed against the building, the contractor is not required under the law to defend against the respective amounts of such liens. It is the duty of the subcontractor and those claiming liens under him to defend against the allowance by the court of excessive or unjust claims. The contractor, under such circumstances, may refuse to pay any lien claimant the amount of his lien until after he establishes the correctness thereof in court, and before a proper court adjudicates the correctness of the same the contractor would pay it at his peril.

4. SAME. An original contractor is entitled to have all of the terms and conditions of a contract with a subcontractor fulfilled for the amount stated therein; and, when liens are filed against the building involved, it is the duty of the original contractor to advise the court by proper pleadings and proof as to the terms and conditions of the contract, the amount of money advanced thereunder, and of the balance due or to become due, together with such other information as will enable the court to properly dispose of the liens. If he does this, and then pays out such sums as the court may direct to the persons named by the court after the liens have been established, and the amount due from the subcontractor to the lien claimant has been duly decreed by the judgment of the court, he will be subject to no further liability in relation to such liens.

5. SAME. It is the duty of a person claiming a lien under a subcontractor for labor performed on a building to first establish

by a judgment of court the amount due from the subcontractor to him, and to secure a decree establishing the lien before the original contractor is under any moral or legal obligations to pay the lien claimant the same; and, even then, due regard must be had for .the amount of the contract under which the labor has been performed, and also as to whether or not the terms and conditions of the contract have been fulfilled, as it is not the intention of the law to require the one letting such a contract whether he be the owner or original contractor, to pay more than the contract calls for in compensation for the services to' be rendered.

(Syllabus by the Court.)

*Error from the Probate Court of Logan County; before J. C.*
*Strang, Trial Judge.*

Affirmed.

*F. H. McGuire* and *L. O. Lytle,* for plaintiff in error.
*Dale & Bierer,* for defendant in error.

Opinion of the court by

BURWELL, J.:   H. J. Vandenbesg was the principal contractor for the building of the Carnegie Library building in the city of Guthrie. He let the contract for the plastering to one H. R. Allen for the agreed price of $940. C. L. Wright did some work on the building, and it was alleged that they were partners. The evidence of Wright himself was that he was connected with Allen in the plastering of the building. The P. T. Walton Lumber Company furnished material to Allen & Wright, which was used by them in the fulfillment of their contract and which actually went into the building. The lumber company commenced a suit in the probate court against Allen & Wright for the sum of $161.30, for balance due on material furnished, and garnished H. J. Vandenberg for an alleged balance due from him to them. Vandenberg filed his answer denying any indebtedness to them or either of them. The lumber company filed a notice under the statute that it would take issue on the garnishee's answer. On the trial of the main case the lumber company recovered judgment against Allen & Wright for the amount claimed, and on the trial of the issue between it and

the garnishee the court found in favor of the plaintiff and against the garnishee, Vandenberg. .

It is claimed that the evidence is not sufficient to support a finding that there was any sum due from Vandenberg to Allen & Wright under the plastering contract. We have read the entire record and, while the evidence is not so plain and direct as it might have been, or as plain as counsel could have made it, still we believe that it will support the judgment. That such indebtedness existed is reasonably deducible from the evidence.

The appellant also contends that he had to pay out money in defending liens filed against the building by reason of Allen & Wright not paying their obligations for materials and labor furnished them, but the trial court excluded the evidence offered in support thereof. Was this action of the trial court error? Allen or Allen & Wright were themselves subcontractors. And if the P. T. Walton Lumber Company, or other persons under contract with them, furnished material which they used in the plastering of the library building, they could not obtain a lien for the same on the building, as the lien law does not include in its provisions a subcontractor of a subcontractor. The mechanic's lien law of Kansas is identical with our own and the supreme court of that state has announced the same rule in the case of *Nixon v. Cydon Lodge No. 5 K. of P. Salina* (Kan.) 43 Pac. 236. The statute, however, does authorize artisans and day laborers who perform service under a subcontractor to obtain liens.

Regarding the expenditure of money by Vandenberg in defending against liens filed on the building, we perceive no reversible error in the ruling of the trial court. Vandenberg had let the plastering contract for a stipulated price, and it was his duty to pay out the money due under that contract in a manner that would protect the building from liens of laborers performing services at the request of Allen & Wright, and he was under no obligations to defend against any of such claims. Vandenberg had a lawful right to insist upon the lien claimants establishing their claims under

their respective liens in court, and, if he had paid the liens before a court, by a proper judgment, found the amount due thereon, and adjudged the lien on the building, unless authorized to pay the claimants by Allen & Wright, he would have made such payments at his peril. When the liens were all established in court, then Vandenberg's duty would have been to pay out the amount due under the contract, under the order of the court, *pro rata,* to those entitled thereto. It was his duty, if liens were filed, to show to the court by the proper pleading and proof the amount which the subcontractors or those entitled to liens for labor under them, were entitled to receive, and he was not compelled to defend against those liens. His duty was to see that those who established liens against the building received the *pro rata* share of the amount for which he was liable to them; and he could not in law be expected to pay them until they were established. While the lien law was enacted for the benefit of contractors and laborers, it was not intended to compel the owner of the building, or superior contractors, to do more than their respective contracts call for, and, when a contract is let for certain portions of a building, the one letting it is entitled to have the contract fulfilled; that is, the material furnished and the labor performed, as agreed. If unjust liens are filed and even adjudged by the court to be correct, the one letting the contract is not responsible for that. It is the duty of the contractor and those claiming liens under him to protect themselves against such unlawful claims. The filing of the lien simply gives notice of the claim, and as it is not primarily a debt due from the owner of the building, or an original contractor, as the case may be, the claimant must recover judgment decreeing the amount due him, after which he may receive his share of the amount due under the contract under which he was employed or furnished material. What has been said in this opinion is not intended to indicate that the original contractor is not bound to protect the building from liens, but the building is in such circumstances liable only to the amount of the contract.

The judgment of the lower court is affirmed, at the costs of appellant.

Irwin, J., absent; all the other Justices concurring.