### HOGGSON BROS. et al. v. DICKASON-GOODMAN LUMBER CO. et al.

No. 10046—Opinion Filed March 15, 1921.

(Syllabus.)

1. **Mechanics' Liens—Extent of Lien—Payments to Subcontractor.**

Under section 3864, Rev. Laws 1910, providing for liens of persons performing labor for or furnishing material to a subcontractor, the lien of such person is limited only by the amount contracted to be paid to the subcontractor, and all payments made to the subcontractor prior to the expiration of 60 days after the date upon which such material was last furnished or such labor last performed are at the risk of the owner and principal contractor, and payments so made cannot be taken in reduction of the lien of persons performing labor for or furnishing material to such subcontractor.

2. **Same—Contract Price as Fund for Labor and Material.**

Where a contract is made for the erection of a building, the contract price for the erection thereof constitutes a fund from which the subcontractors and those furnishing material to or performing labor for them are to be paid for their material and labor,

and it is the duty of the owner and principal contractor to see that such fund is properly distributed to the persons entitled thereto.

Error from District Court, Tulsa County; N. E. McNeill, Judge.

Action by Dickason-Goodman Lumber Company, a corporation, against H. F. Sinclair and others to enforce materialman's lien. From a judgment for plaintiff, defendants Hoggson Bros. and H. F. Sinclair bring error. Affirmed.

Higgins & Berton and Seldon Bacon, for plaintiffs in error.

Jno. F. Kerrigan, for defendants in error.

NICHOLSON, J. This action was brought in the district court of Tulsa county by Dickason-Goodman Lumber Company, a corporation, as plaintiff, against H. F. Sinclair, Hoggson Bros., a corporation, O. L. Gent, and L. E. Kimberlin, as defendants, to recover the sum of $253.46, with interest at the rate of 6 per cent. per annum from September 11, 1914, against the defendant O. L. Gent, and seeking the foreclosure of a materialman's lien upon certain real estate in the city of Tulsa, of which the defendant H. F. Sinclair was the owner. The defendant L. E. Kimberlin filed his separate answer and cross-petition, setting up a materialman's lien co-ordinate with the lien of the plaintiff, and praying judgment against the defendant Gent, and for a foreclosure of his lien upon said real estate. Judgment was rendered in favor of the plaintiff in the sum of $306.60 and in favor of the defendant Kimberlin for the sum of $92.62, and for the sum of $50 attorney's fee for the plaintiff, and the sum of $50 attorney's fee for the defendant Kimberlin, and decreeing that each of them have a lien upon said real estate and ordering its sale to satisfy said judgment. From this judgment, the defendants Hoggson Bros and H. F. Sinclair appeal.

It appears that Sinclair and Hoggson Bros. entered into a contract by the terms of which Hoggson Bros. agreed to furnish the lumber and building material and construct for Sinclair a building for a price exceeding $5,000. That after making this contract Hoggson Bros. made a contract with the defendant O. L. Gent whereby said Gent, in consideration of the sum of $2,000, agreed to furnish all material and labor and to plaster said building; that after said contract was entered into the plaintiff, Dickason-Goodman Lumber Company, furnished to Gent a portion of the material to be used under his contract with Hoggson Bros. and the defendant Kimberlin furnished a portion of said material. Upon Gent's failure to pay the sum of $695.35, of the purchase price for the material furnished by Dickason-Goodman Lumber Company, it did, within 60 days from the date upon which said material was furnished, file its lien statement for said amount as provided for by the statutes, and the defendant Kimberlin likewise filed his lien statement for the amount owing him.

To the petition filed by Dickason-Goodman Lumber Company and cross-petition by Kimberlin, the defendants Hoggson Bros and Sinclair filed separate answers, wherein each alleged that before Dickason-Goodman Lumber Company and Kimberlin filed their lien statements, and without notice or knowledge to it, Hoggson Bros. had made payment to Gent of the contract price for such plastering except the sum of $612.95, which was afterwards prorated between Dickason-Goodman Lumber Company and Kimberlin, and credit therefor given, and that these liens could not be maintained for the reason that there was no money due from Hoggson Bros. to Gent, and that this constituted a defense to said lien claims. This defense was by order of the court stricken from the separate answer, and it is this ruling of the court which primarily presents the alleged error complained of by the plaintiffs in error.

The question presented is whether section 3864, Rev. Laws 1910, gives a materialman furnishing material to a subcontractor a lien any greater than to the extent of the amount due to said subcontractor from the principal contractor at the time the lien claim was filed by the materialman, regardless of the amount of the contract of the subcontractor. This section was originally adopted from Kansas, and as adopted reads in part as follows:

"Any person who shall furnish any such material or perform such labor under a subcontract with the contractor, or any artisan or day laborer in the employ of such contractor may obtain a lien upon such land for the same time, in the same manner, and to the same extent as the subcontractor, for the amount due him for such material and labor. * * * Provided, that the owner of any land affected by such lien shall not thereby become liable to any claimant for any greater amount than he contracted to pay the original contractor; but the risk of all payments made to the original contractor shall be upon such owner until the expiration of the 60 days hereinbefore specified; and no owner shall be liable to an action by such contractor until the expiration of said 60 days. * * *" Section 651, Okla. Stat. 1893; section 4819, Stat. of Okla. 1903.

This section was construed by the Supreme Court of Kansas in Shellabarger et al. v. Thayer, 15 Kan. 466. In so far as the rights of a subcontractor are concerned, the court there held:

"Under the lien law of 1872 the lien of the subcontractor is limited only by the amount contracted to be paid the contractor; and all payments made to the contractor prior to the expiration of 60 days after the completion of the building are at the risk of the owner, and cannot be taken in reduction of the lien of the subcontractor."

To the same effect is the holding of the court in Delahay et al. v. Goldie, 17 Kan. 263,

It was held in Vandenberg v. Walton Lumber Co., 19 Okla. 169, 92 Pac. 149, that under the provisions of said section a subcontractor of a subcontractor was not entitled to a lien, but in 1905 the Legislature of the territory of Oklahoma amended said section by inserting therein after the provision in favor of the materialman supplying the principal contractor the following:

"And any person furnishing material to such subcontractor may obtain a lien upon such land or improvements or both for the same time, in the same manner and to the same extent as the subcontractor for the amount due him for such material and labor."

And this provision is in section 3864 of the Revised Laws of 1910. By the provision of said section a subcontractor or an artisan or day laborer in the employ of the contractor may obtain a lien "for the same time, in the same manner and to the same extent as the original contractor for the amount due him for such material and labor." Under this provision the lien of the subcontractor is limited only by the amount contracted to be paid the contractor, and by a further provision in said section all payments made to the contractor prior to the expiration of 60 days after the completion of the building are at the risk of the owner and cannot be taken in reduction of the lien of the subcontractor. Shellabarger v. Thayer and Delahay et al. v. Goldie, supra.

In Clough v. McDonald, 18 Kan. 114, it is held that the contract price for the erection of a building constitutes a fund from which subcontractors are to be paid for their labor and materials.

The general doctrine of Shellabarger v. Thayer, Delahay v. Goldie, and Clough v. McDonald has been repeatedly affirmed by the Supreme Court of Kansas. Macdonald v. Seaton, 27 Kan. 672; Crawford v. Blackman, 30 Kan. 527, 1 Pac. 136; Davis v. Bullard, 32 Kan. 234, 4 Pac. 75; Chicago Lumber Co. v.

Allen, 52 Kan. 795, 35 Pac. 781; Hotel Co. v. Hardware Co., 56 Kan. 448, 43 Pac. 768; Nixon v. Cydon Lodge No. 5, 56 Kan. 298, 43 Pac. 236.

Section 3864, supra, places an artisan or day laborer in the employ of, and any person furnishing material to, such subcontractor on an equal footing with the subcontractor and gives him the right to obtain a lien "for the same time, in the same manner and to the same extent as the subcontractor for the amount due him for such material and labor", and as the lien of the subcontractor is limited only by the amount agreed to be paid to him, so the lien of the artisan or laborer or materialman for labor and material furnished to such subcontractor is limited only by such amount, and the contract price between the contractor and subcontractor constitutes a fund from which such materialmen and laborers are to be paid, and if payment is made to such subcontractor by the original contractor or the owner before the expiration of the time within which the lien statement may be filed, such payment is at the risk of the owner and contractor.

It necessarily follows that the trial court did not err in striking from the separate answers of the plaintiffs in error the portion thereof pleading payment to Gent, and did not err in rendering judgment in favor of the defendants in error.

Counsel for plaintiffs in error say that "it would certainly require an extraordinary exercise of judicial legislative power to hold that a subcontractor was prevented by this clause from suing a contractor for his pay during the 60 days," and argue that unless the language of the statute providing exemption from suit for said period gives that exemption to the contractor, preventing suit against him by the subcontractor, it is impossible to see how the clause declaring that any payment by the owner to the contractor during the 60 days shall be at the owner's risk can have any application to payments by the contractor to the subcontractor. The statute does not extend this exemption to the contractor, and while this might in some instances work a hardship upon the original contractor, this is a question for the Legislature and not for the courts.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

HARRISON, C. J., and PITCHFORD, ELTING, and KENNAMER, JJ., concur.