**TREECE v. CARPENTER et al.**

No. 11351—Opinion Filed July 24, 1923.

1. **Mechanics' Liens—Contract Price as Fund to Pay for Labor and Material.**

Where a contract is made for the erection of a building, the contract price for the erection thereof constitutes a fund from which the subcontractors and those furnishing material to, or performing labor for, them are to be paid for their material and labor, and it is the duty of the owner and the principal contractor to see that such fund is properly distributed to the persons entitled thereto.

2. **Same—Action to Enforce Lien—Defensive Evidence.**

Held, that the trial court erred in excluding evidence offered by the owner showing that the amount of the contract price for the erection of the building had been paid, and that the defendant lumber company had received its pro rata portion thereof.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Payne County; Arthur R. Swank, Judge.

Action by the Spurrier Lumber Company against Robert M. Carpenter et al. Judgment for plaintiff, and defendant Treece brings error. Reversed, with instructions to grant a new trial.

Walter Mathews, for plaintiff in error.

John Adams, for defendants in error.

Opinion by JARMAN, C. This action was commenced in the district court of Payne county by the Spurrier Lumber Company to recover for lumber and other material furnished to Robert M. Carpenter, a contractor, in constructing a building for A. L. Treece. Personal judgment was sought against the contractor and a lien sought upon the property of the owner, Treece. The case was submitted to a jury, who found in favor of the plaintiff, and personal judgment was rendered against the contractor, Carpenter, and a lien was decreed by the court upon the property of the owner, Treece, for the amount of said judgment, from which the defendant Treece has appealed.

The petition of the plaintiff alleges that Treece entered into an oral contract with Carpenter whereby Carpenter was to erect and construct for Treece, a three story office and store building on a certain lot in Cushing, Okla., belonging to Treece; that Carpenter did erect and construct said building in keeping with said contract. That Carpenter purchased of the plaintiff certain lumber and building material to be used in constructing said building, all of which was used in said building except a part thereof which was returned to the plaintiff, and due credit was given by the plaintiff for the amount so returned. That after giving credit for payment

made and for material returned, Carpenter owed the plaintiff a balance of $1,480.97 for material furnished and used in said building.

Treece filed a separate answer, admitting he entered into a contract with Carpenter for the construction of the building in question and alleged that, by the terms of said contract, Carpenter was to furnish all material and labor, and erect the building, complete, for $7,800, and that he had already paid for material and labor furnished in constructing said building far in excess of the contract price and had paid to the plaintiff about $3,000 on this account. That a lien only to the extent of the contract price, $7,800, could be decreed upon the property, but that since more than the contract price had ben paid and the amount paid to the plaintiff was more than its pro rata part of the contract price, the plaintiff was not entitled to, and could not procure, a lien on said property for the balance due on its account.

During the progress of the trial there was some testimony produced tending to show that the building was constructed through a partnership agreement between Treece and Carpenter, which, if true, would make Treece personally liable for the material furnished, and give the plaintiff a lien for the amount thereof on said property; the plaintiff sought to amend its petition to conform to this proof, but the court denied the plaintiff this right. Since this case will be retried and the question is likely to arise again, we think it is proper for the plaintiff to amend its petition in this regard and this theory of the case should be submitted to the jury under proper instructions.

In support of his theory that said building was to be constructed, complete, at the contract price of $7,800 and that more than this amount had been paid for material and labor used in constructing the building and that the plaintiff had been paid more than its pro rata part of said contract price, the defendant Treece offered in evidence proof tending to show that sums of money amounting to more than the contract price had been paid for labor and material used in constructing said building, but this evidence was excluded by the court, and the action of the court in this regard is assigned as error by Treece.

To determine whether the action of the court in excluding said evidence was prejudicial error, it is necessary to determine whether a person who furnishes material

for the construction of a building is entitled to a lien against such property for a balance due on an account for material thus furnished, notwithstanding the fact that the full amount of the contract price for the construction of said building has been paid and the party thus furnishing said material has received its pro rata part of said contract price. If the plaintiff was entitled to a lien on said property for the entire amount of material furnished in constructing the building, regardless of the contract price, and regardless of whether it had received its pro rata part of said contract price, then it was not error to exclude such evidence.

Section 3864, Rev. Laws 1910, being section 7463, Compiled Statutes 1921, provides that materialmen and subcontractors shall have a lien to the same extent as the original contractor for the amount due him for such material and labor furnished. The contractor has a lien to the extent of the contract price, and, therefore, under this statute, all of the persons, together, furnishing labor and material would have a lien to the extent of the contract price.

In discussing this question, the court, in the case of Hoggson Bros. v. Dickason-Goodman Lumber Co., 81 Okla. 31, 196 Pac. 686, holds:

"Where a contract is made for the erection of a building, the contract price for the erection thereof constitutes a fund from which the subcontractors and those furnishing material to, or performing labor for, them are to be paid for their material and labor, and it is the duty of the owner and principal contractor to see that such fund is properly distributed to the persons entitled thereto."

It is, therefore, apparent that the evidence offered by the defendant Treece, as above referred to, was essential to his defense, and the excluding thereof by the court in effect deprived said defendant of his defense in this action. The judgment of the lower court is, therefore, reversed, with instructions to grant a new trial of said cause.

By the Court: It is so ordered.