NEWMAN et al. v. KIRK et al.

No. 21538. Opinion Filed June 20, 1933.

148

W. D. French and Don Welch, for plaintiffs in error.

McKeown & Green, for defendants in error.

ANDREWS, J. The defendants in error joined in a petition in an action in the district court of Pontotoc county, wherein they prayed for personal judgments against the plaintiffs in error and for the foreclosure of laborers' liens against property of the plaintiffs in error upon which they h a d performed labor. The plaintiffs in error demurred to the petition on the ground of a misjoinder of causes of action, and that demurrer was sustained by the trial court. Thereupon the defendant in error Otis Kirk continued the action as plaintiff and made the other defendants in error defendants therein. They each filed a cross-petition. The plaintiffs in error appealed to this court from a judgment in favor of the plaintiff Otis Kirk, and a judgment in favor of each of the cross-petitioners. Since the rights of the defendants in error are identical as to the material issues presented by the record in this case, for brevity we will refer to them as plaintiffs, except where it is necessary otherwise to refer to them. We will refer to the owners of the property, who are the plaintiffs in error, as the defendants.

The defendants present their contentions herein under four propositions:

They contend that the plaintiffs were not entitled to personal money judgments against the defendants. There is nothing in the record tending to show that the defendants employed the plaintiffs. The record shows that the plaintiffs were employed by a contractor. That being true, the contention of the defendants must be sustained and the personal money judgments against them must be reversed under the rule stated in Seran v. Rose, 93 Okla. 192, 219 P. 940.

The defendants contend that none of the plaintiffs had a lien on the property in question. The record shows that each of the plaintiffs performed labor in the construction of the building on the property of the defendants, and that the defendants knew that that labor was being performed and that these plaintiffs were performing the same. Under the provisions of section 10977, O. S. 1931, the plaintiffs were entitled to a lien on the property. In order to obtain that lien they were authorized to file a verified lien claim with the clerk of the district court within 60 days after the date on which the labor was last performed. None of them filed such a claim. However, within that 60-day period, they commenced this action. When the action was commenced within the statutory period, there was no necessity for the filing of the lien claim in order to establish the lien. Sutherland Lbr. Co. v. Gale, 136 Okla. 233, 277 P. 242; Peaceable Creek Coal Co. v. Jackson, 26 Okla. 1, 108 P. 409. The lien was established by the filing of a proper petition within the statutory period for filing the lien claim. Under the provisions of section 106, O. S. 1931, as construed by this court in English v. T. H. Rogers Lbr. Co., 68 Okla. 238, 173 P. 1046, the dismissal of the petition as to some of the plaintiffs and subsequent filing by those plaintiffs of cross-petitions in the action prevented the running of the statute of limitations, and the filing of the cross-petitions established the liens, notwithstanding the fact that lien claims had not been filed.

The third contention of the defendants is that the plaintiffs lost their lien by failure to comply with the lien statutes, and that their causes of action are barred by the statute of limitations. That contention has been determined.

The defendants contend that there was a fatal variance between the pleadings and the proof. While it is true that the testimony did not sustain the allegations of employment by the defendants, under the liberal pleadings rule, under the provisions of section 251, O. S. 1931, the petitions could have been amended to conform to the proof, and doubtlessly the trial court considered them amended to conform to the proof, as authorized by the decision of this court in St. Paul Fire & Marine Ins. Co. v. Mittendorf, 24 Okla. 651, 104 P. 354. The plaintiffs were entitled to a lien whether they

were employed by the defendants or by the contractor. It was the employment, the performance of labor, and the failure to pay therefor, which created the causes of action and justified the allowance of the liens, and the liens should have been allowed whether the employment was by the owner or by the contractor. There might be a case wherein such an amendment would operate to deprive the owner of property of a valuable right, such as where the owner questions whether the laborer had been employed by the contractor. This is not such a case, for herein there is no question but that the plaintiffs were employed by the contractor. We see no prejudicial error in the trial court considering the pleadings as amended to conform to the proof.

The law charges the owners of property with knowledge that laborers who work for a contractor in the construction of a building thereon are entitled to a lien on the property for the amount of their unpaid labor claims to the extent of the contract price, and it authorizes such owners to refuse to pay the contractor until the expiration of the time fixed by law in which such laborers may file their lien claims. This record shows that the defendants paid the contractor before the expiration of the 60 days provided by law in which the laborers might have filed their lien claims. It shows that both the owners and the contractor refused to pay these laborers the amounts due.

We quote from Treece v. Carpenter, 92 Okla. 21, 222 P. 230, as follows:

"Where a contract is made for the erection of a building, the contract price for the erection thereof constitutes a fund from which the subcontractors and those furnishing material to, or performing labor for, them are to be paid for their material and labor, and it is the duty of the owner and the principal contractor to see that such fund is properly distributed to the persons entitled thereto."

See, also, Hoggson Bros. v. Dickason-Goodman Lbr. Co., 81 Okla. 31, 196 P. 686. Under that rule the defendants are in no position to complain of the rendition of the judgment establishing the lien in favor of the unpaid laborers. The amount of their claims is not questioned, and was correctly determined by the trial court.

The money judgment in favor of the plaintiffs and against the defendants is vacated. The judgments establishing the lien are in all things affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, OSBORN, and BAYLESS, JJ., concur. BUSBY, J., disqualified and not participating. WELCH, J., absent.