### No. 35,981

WILLIAM. I. ISBELL, *Appellee*, v. ANNIE S. PAYNE, *Defendant*, DOROTHY B. GIBSON and LEROY P. GIBSON, *Appellants*, R. L. McDANIEL et al., *Appellees*.

(147 P, 2d 718)

Opinion filed April 8, 1944.

*Samuel Feller*, of Kansas City, Mo., argued the cause, and *Charles C. Hoge*, of Olathe, was on the briefs for the appellants.

*Howard E. Payne*, of Olathe, *James B. Nourse, Arthur E. Johnson* and *B. D. Craig*, all of Kansas City, Mo., were on the briefs for the appellees.

The opinion of the court was delivered by

SMITH, J.: This was an action for money and to foreclose a mechanic's lien. The landowner and other materialmen and me-

chanics were made defendants. Judgment was for all the mechanics and materialmen. The defendant landowners appeal.

The action arose out of the activities of the Gibsons in preparing a building for occupancy. It was brought by Isbell, a plumber. He made all the allegations necessary to plead his right to a mechanic's lien. He asked judgment for $575.32.

The Gibsons, the landowners, denied that there was any contract between themselves and Isbell, and alleged that the lien was ineffectual as a subcontractor's lien because the name of the contractor was not mentioned; denied that the liens filed by the other defendants were valid; alleged that Isbell had failed to carry out his contract, and the Gibsons had been put to extra expense in the amount of $20.41.

The answer further alleged that defendant Walker had made a verbal contract with the Gibsons to furnish all the labor and material and to make the repairs upon the property in question for $2,000; that plaintiff was a subcontractor under Walker and Walker failed to complete the work and Gibsons were compelled to pay out $4,461.68 to complete the job. The prayer was for defendant's costs.

To this answer Walker first set out facts necessary to establish a mechanic's lien for labor furnished under a contract with the Gibsons in the amount of $473.12. In a subsequent petition Walker alleged that he had expended $84.86 for workmen's compensation and liability insurance.

The Gibsons answered in substantially the terms of their answer to Isbell's petition and prayed a judgment against Walker for $2,461.68.

McDaniel, the floor sander, Elliott, the electrician, the Sherwin-Williams Paint Co., and the Badger Lumber Company all alleged the performance of labor or the furnishing of material to the Gibsons and all other facts necessary to give them a lien.

As to them, the Gibsons interposed general denials and allegations that the contract of these parties was with Walker and not with them.

The action was submitted to the court without a jury. The court found in favor of Walker in the amount of $557.97 and gave him a lien in the amount of $425.81; and that the Gibsons were not entitled to a judgment against Walker. The court further found in favor of the other lien claimants in the amounts claimed.

As to the last four parties and Isbell, the Gibsons argue here that

there was no substantial evidence that there was a contract between these parties and the Gibsons. We have examined the record in this connection. It would not add to this opinion to set out all the evidence in detail here. While the Gibsons testified there was no such contract, the parties claiming the liens, or their employees, all testified there was. Under such circumstances the findings in favor of these parties cannot be disturbed by this court.

As to Isbell, the Gibsons also argue that the court erred in not requiring him to elect whether to stand either on his lien as a subcontractor or the one he filed as a contractor. On this point the record discloses that counsel for plaintiff did say in his opening statement that he elected to stand upon the lien filed as a contractor.

This takes us to the question of the lien given Walker by the trial court. Aside from what has already been said in this opinion, the Gibsons point out that this lien was for wages due several carpenters who had been furnished the Gibsons by Walker. There is no question about this fact.

The Gibsons argue that a lien for labor may only be had by the person actually performing the labor. They cite and rely on G. S. 1935, 60-1401. The statute provides, in part, as follows:

"Any person who shall under a contract with the owner of any tract, or piece of land, . . . by himself . . . perform labor by himself, . . . or who shall plant trees . . . or furnish labor by himself . . . shall have a lien . . . for the amount due to him for such labor of himself."

A literal reading of the above statute lends some force to the argument of appellant. We prefer, however, to give the statute a broad enough interpretation to effectuate what we deem to be the manifest intention of the lawmakers. If we should place upon the language of this statute the construction contended for by appellants it would mean that no general contractor who had completed his contract could have a lien for as much of his contract as included labor even though he had completed the contract and paid his laborers. Surely the legislature did not intend such an unjust and inequitable result. The language of the statute means to designate the sort of labor that is performed rather than the person who performs it. There can be no doubt but that the labor for which this lien is claimed went into the repair of this building and the laborers have not been paid. The practice in this state for many years has been for the general contractor to have a lien to include labor furnished. This may be ascertained from an exami-

nation of our opinions even though we have never passed directly on the question. In *Clough v. McDonald,* 18 Kan. 114, the point we have here was not raised but we allowed a lien to a subcontractor who had furnished labor and material. The statute in force at the time used the words "perform labor" much as our present statute does. This has been the consistent practice since that time. In *Leidigh & Havens Lumber Co. v. Wyatt,* 153 Kan. 214, 109 P. 2d 87, the lien claimant Powell was given a lien for labor and material furnished. In *Golden Belt Lumber Co. v. McLean,* 138 Kan. 351, 20 P. 2d 274, a plumbing company was given a lien for labor and material furnished. See, also, *Security Stove & Mfg. Co. v. Sellards,* 133 Kan. 747, 3 P. 2d 481; *Southwestern Electrical Co. v. Hughes,* 139 Kan. 89, 30 P. 2d 114; *Potter v. Conley,* 83 Kan. 676, 112 Pac. 608.

In 40 C. J. 129 we find the following statements:

"However, other courts interpret the term 'laborer' as used in mechanics' lien legislation, to include contractors and subcontractors; and, . . . the terms of most mechanics' lien statutes are broad enough to allow a lien to a contractor or subcontractor for labor furnished by him and actually performed by other persons working under him."

In *Moore-Mansfield Constr. Co. v. Indianapolis, etc., R. Co.,* 179 Ind. 356, 101 N. E. 296, 44 L. R. A., n. s., 816, the court referred to an earlier decision in which it had held that the word "laborer" in a mechanic's lien statute did not include a "contractor" who performed labor by means of others, overruled that and analogous decisions, and held that a contractor who had furnished the labor that went into the construction of a railroad was entitled to a lien as one who had furnished labor. This is a well-reasoned opinion and cites and comments on many authorities. The court pointed out the situation in Indiana had been about as we have outlined it here in Kansas, that is, the word "laborers" as found in the statutes of Indiana had been commonly understood by the people, legislators and courts to include in its definition contractors and subcontractors as well as manual laborers. The court said:

"How did the people, legislators, and courts of Indiana, previous to 1883, understand and interpret the term 'laborers' or 'persons performing labor' in the construction of building, etc., as found in our mechanics' lien acts? If such term was commonly taken to include only personal manual labor, appellants' contention must fail. In consideration of this question, the fact that this court may never have defined the term in a cause where the question of the general or restricted definition of the word or term was involved cuts no figure. It was

not intended that legislation should wait indefinitely on a judicial definition. Such question might never be directly presented. It was not raised here for seventy-five years. Courts do not rightfully make definitions for words; on the contrary they must apply to the words the definitions already made by common usage." (p. 385.)

The statute we are construing, G. S. 1935, 60-1401, has been amended several times since 1862, usually by bringing some additional class of labor within its terms. An examination of these different amendments shows that the legislature has not been particular in the use of the term "furnishing labor" as distinguished from the term "perform labor." Section 21 of chapter 87 of the Laws of 1870 provided that one who performed labor in working on a building should have a lien, and that one who either furnished or performed labor in putting up any fixture or machinery should have a lien. There was obviously no logical reason for this distinction. The act was amended in 1871, 1872 and 1889, but this provision was not changed. Section 1 of chapter 168 of the Laws of 1889 in addition provided that one who furnished labor or material for building, altering or repairing any fence or footwalk should have a lien. Section 1 of chapter 146 of the Laws of 1891 amended the act by using the words "furnish material" "or perform labor." when referring to fixtures or machinery, but did not amend the provision giving a lien to one who should furnish labor or material for building any footwalk. The act was amended in 1909, but this provision was not changed. It was changed by section 1 of chapter 235 of the Laws of 1919 when the section was amended, about as we have it, except for the correction of a typographical error. All this leads us to the conclusion that in construing this act we should pay more attention to what we conceive to be the manifest intention of the legislature rather that to a meticulous definition of the words used. It follows that the trial court, in allowing Walker a lien for the amount of labor furnished the Gibsons by him, was correct.

The judgment of the trial court is affirmed.

As to the claim of the Gibsons that Walker had entered into a contract to do the work for $2,000, the finding of the trial court in favor of Walker was based on substantial evidence and will not be disturbed on appeal.