TULSA EXCAVATION, INC., Appellant,

v.

Gary PINALTO and Alice M. Pinalto d/b/a Mobile Design, and Inder Raj Singhal, Appellees.

No. 60082.

Court of Appeals of Oklahoma,
Division No. 4.

June 19, 1984.

Released for Publication by Order of Court of Appeals July 13, 1984.

Donald E. Hammer, Sanders & Carpenter, Tulsa, for appellant.

David Nelson, Broken Arrow, for appellees Gary and Alice Pinalto.

STUBBLEFIELD, Judge.

This case involves an action for money due under a contract and for foreclosure of a mechanics' and materialmen's lien upon real property. The trial court sustained the defendants' special demurrer to the plaintiff's petition upon the basis that the plaintiff had not properly perfected its lien prior to filing suit. The plaintiff appeals.

This case was assigned by order of the Oklahoma Supreme Court to the Accelerated Docket for early disposition. Oral argument was had on May 22, 1984.

I

On June 24, 1982, the defendants, Gary and Alice Pinalto, entered into a contract with the plaintiff, Tulsa Excavation, Inc., under the terms of which the plaintiff agreed to perform certain excavation work upon a building site owned by the Pinaltos in Tulsa County. By July 27, 1982, Tulsa Excavation had performed all of its requirements under the contract. Within four months of the last furnishing of material and labor to the improvements on the Pinalto property, Tulsa Excavation commenced this action in the Tulsa County district court. It had not previously filed a lien statement in the office of the county clerk as required by 42 O.S.1981 § 142. The plaintiff's failure to comply with these provisions formed the basis of the defendants' special demurrer which was later sustained by the trial court. It is from this order the plaintiff has perfected its appeal to this court. The crucial issue for determination involves the appropriate construction to be given to the requirements of 42 O.S.1981 § 142, which encompass the 1977 amendments.

## II

Prior to 1977, section 142 provided that any person claiming a lien "shall file in the office of the clerk of the district court of the county in which the land is located" a verified statement setting forth the amount claimed, the names of the owner, contractor, and claimant, and a description of the property subject to the lien. The 1977 amendments substituted the place in which the statement was to be filed from the office of the "clerk of the district court" to the "office of the county clerk" in the county in which the land is situated. The 1977 changes also included the adoption of section 143.1, which provided for notice by the county clerk to the property owners on which the lien attached. Also adopted in 1977 was section 141.1, which provided for the transfer of the records, funds, and powers and duties relating to the filing of mechanics' and materialmen's liens from the office of the clerk of the district court to the office of the county clerk. Prior to these statutory changes, the filing of a petition in the district court in the county in which the property was located within the time limits prescribed for the filing of a lien statement was viewed as sufficient to perfect a lien upon the property even in the absence of the filing of a lien statement in accordance with the requirements of the statute. *Bank of Earlsboro v. J.E. Crosbie, Inc.,* 182 Okl. 327, 77 P.2d 547 (1938); *Newman v. Kirk,* 164 Okl. 147, 23 P.2d 163 (1933); *Wass v. Vickery,* 137 Okl. 52, 278 P. 336 (1929); *Key v. Hill,* 93 Okl. 64, 219 P. 308 (1923); *South Texas Lumber Co. v. Epps,* 48 Okl. 372, 150 P. 164 (1915); *Peaceable Creek Coal Co. v. Jackson,* 26 Okl. 1, 108 P. 409 (1910).

> Where a suit to foreclose a lien is filed in the office of the court clerk in the county where the property sought to be charged is located, and summons issued thereon and service had upon the defendants, there is no necessity for filing a lien claim in addition thereto.

*Key v. Hill,* 219 P. at 311.

The primary issue on appeal pertains to the effect of the 1977 amendments upon this well established case law. It is the position of the Pinaltos that the amendments have impliedly repealed former case law, because the plaintiff can no longer substantially comply with the provisions of the act by filing his petition in the same office in which he would have been required to file his lien statement. Defendants also contend that the amendments were enacted primarily to protect the rights of property owners and that the plaintiff should not be permitted to subvert the new notice requirements by filing a petition in the district court. Plaintiff, on the other hand, contends that the 1977 amendments did not in any way abrogate pre-existing case law.

To determine which argument shall prevail, an analysis of the underlying rationale of the case law, holding that the filing of a lawsuit substantially complies with the lien filing statute, is necessary to ascertain if that rationale still applies in light of the statutory changes. The case that first espoused the rule in Oklahoma was *Peaceable Creek Coal Co.* That case relied upon a holding in a similar Arkansas case which concluded that:

> "It is true that this is a statute remedy, but it is one enacted for the protection of the mechanics, laborers, and furnishers of supplies to those desiring to erect buildings or to make improvements upon real estate, and that the statute which requires that the mechanic, or other claimant of a lien, should verify and file his account to entitle him to a lien was intended, not alone to identify and fix his right of lien upon the particular property upon which his labor and materials had been bestowed, but also to give notice to others who may contract for liens upon the same property of the nature and extent of his claim. And in cases in which there is a contest between lien claimants the mechanic should be held to such strict performance of the requirements of the statute as to entitle him to its benefits. But in an issue between the mechanic and the owner of the property upon which the labor has been bestowed we apprehend that less strictness in com-

plying with the statute would be required, because, as he is a party to the contract, the owner of the property upon which the labor is bestowed, and may be presumed to know the character of the work performed, as well as the materials furnished, constructive record notice is not so necessary, indeed, scarcely at all necessary, for his protection."

*Peaceable Creek*, 108 P. at 411 (quoting *Murray v. Rapley*, 30 Ark. 568, 571–2 (1875)). The Oklahoma Supreme Court, relying upon this rationale, continued, stating:

> Under the foregoing authorities we do not think the filing of such statement was necessary, in view of the commencement of the proceedings within the four months, and all parties within such time being brought in, and having the same legal notice thereby of such claim as they would have had, had such claims been filed ex parte by the lien claimants within the required time with the clerk of the district court. These claims and proceedings in this case were filed and had in the district court; such filings being with the clerk thereof, the same officer with whom the ex parte lien claim or statement was required to be filed. Under such status we think that the statute was sufficiently complied with.

*Peaceable Creek*, 108 P. at 411. Thus, a distinction was drawn between cases in which the contest was between competing lien claimants, and cases in which the contest arose between the lien claimant and owner of the property against which the lien was claimed. In the latter instance, the filing of a lawsuit to impose and foreclose a lien constituted "sufficient compliance" with the lien filing statute.

The rationale running through the case law descendent from *Peaceable Creek* is that the dual filing of a lien and lawsuit is unnecessary to protect the rights of the owner, because the notice given by the filing of the lawsuit is as detailed as that required by the statute. Since the statute is to protect the mechanic, laborer, or supplier, it would seem unjust to deny the lien when every requirement of the statute has been otherwise fulfilled, except for the actual filing. The filing of the lien notice, in fact, has little bearing upon the owner, since he must be presumed to know with whom he has contracted for labor or materials, and to know whether he has paid for the same. The purpose of the filing is "to give notice to others who may contract for liens upon the same property of the nature and extent of his claim." *Peaceable Creek*, 108 P. at 411. Thus, as between lien claimant and owner, there is no real purpose to the filing that would not be equally effected by the filing of a lien foreclosure action within the same time.

Owners contend, however, that the statutory procedure for "bonding around" the lien (42 O.S.1981 § 147) would be negated by continuing to allow the perfection of a lien by the filing of a lawsuit. This argument, however, was equally viable when the case law exception to the statute arose. It did not keep the Oklahoma Supreme Court from allowing the exception then, and it does not now. Moreover, we see nothing to prevent the district courts from allowing liability to be shifted from the real property to a bond posted by the owner.

Owners' argument to the effect that the lien claimant can no longer substantially comply with the statute by filing his petition in an entirely separate office has more merit. As stated, *Peaceable Creek* and subsequent cases persistently ruled, after setting forth the rationale just described, that the acts of filing a petition with the court clerk (the same officer with whom to file the lien notice) setting forth the same information required in a lien notice, within the statutorily prescribed time, constituted "sufficient compliance" with the statute. Sufficient or substantial compliance has generally been the legal theory upon which the deviation from the clear statutory requirement has been allowed. Indeed, some legal justification seems necessary in light of the established rule that:

> Liens can be created either by contract or by law. A statutory lien ... stands in derogation of the common law. It must

hence be strictly confined to the ambit of the enactment giving it birth. A lien that is not provided for by the clear language of the statute cannot be created by judicial fiat. The terms prescribed by statute cannot be ignored. They are the measure of the right and of the remedy. Neither may a lien be created out of a sense of fairness if the terms of the statutory lien are found too narrow and have not been met.

*Riffe Petroleum Co. v. Great National Corp.*, 614 P.2d 576, 579 (Okla.1980) (footnotes omitted).[1] Since the 1977 amendments, however, it is much more difficult to continue this justification under the theory of sufficient compliance. No longer is the petition filed with the same officer who is also required by statute to receive and file lien notices. In all other respects, however, plaintiff's actions in filing the district court petition sufficiently comply with section 142. Our question for resolution is whether the filing of such a petition, and its obvious noncompliance with a 1977 amendment requirement (filing in the office of the county clerk) should still be permitted as a method of perfecting a valid lien. We conclude that it should.

Even though stripped of some of its supporting legal rationale, the underlying reasons for permitting the exception continue to exist. Although we perceive a legislative intent to require the filings of all matters involving real property to be made in a single office, we still conclude that the single most important legislative purpose sought by the enactment of section 142 was the protection of interests of mechanics and materialmen. Where the act of the mechanic or materialman in filing his lawsuit, without filing the formal notice, in no way prejudices the property owner, we can think of no reason not to continue the exception. It was created to effectuate a legislative intent which remains the overriding purpose of the statute—protection of workmen and materialmen.

Had the exception involved the rights of competing mechanic or materialmen claimants, our result would be different, but it does not. The exception arose and was applicable only to contests between the lien claimant and the property owner. A claimant who chose not to file a lien, prior to the filing of suit, could not claim priority over any other lien claimant who perfected his lien strictly according to the statutory requirements.

We conclude that the rationale supporting the pre-1977 case law exception to the filing requirements of section 142 is still extant, and therefore find that the trial court erred in sustaining the defendants' demurrer. REVERSED AND REMANDED for further proceedings.

BRIGHTMIRE, J., concurs.

DeMIER, P.J., dissents.

---

**1.** This pronouncement in *Riffe* seemingly conflicts with the provisions of 12 O.S.1981 § 2, and 25 O.S.1981 § 29, which require statutes in derogation of the common law to be *liberally* construed. The seeming conflict, however, is resolved by Justice Opala in *Republic Bank &* *Trust Co. v. Bohmar Minerals, Inc.*, 661 P.2d 521 (Okla.1983), where he concludes that strict construction should be applied in the process of determining legislative intent and liberal construction applied, thereafter, to give full effect to that intent.